MARY ELAINE ALTMAN AND LISA ELAINE MUNNS v. ROBERT ALLEN MUNNS

No. 8610DC56

(Filed 15 July 1986)

1. **Husband and Wife § 12.1— separation agreement—college expenses—oral modification—absence of consideration**

   Where a separation agreement required defendant father to pay for his daughter's college education but made no distinction between a private and a public college, allowing the daughter to attend a private college did not constitute additional consideration which would support an oral modification of the agreement providing for each parent to pay one-half of the daughter's college expenses. Nor was there detrimental reliance by defendant so that estoppel could be substituted as consideration.

2. **Husband and Wife § 11.1— breach of separation agreement—waiver of claim**

   Plaintiff mother waived her claim for breach of a provision of a separation agreement requiring defendant father to pay their daughter's college expenses with respect to monies already paid by plaintiff pursuant to her oral agreement with defendant to pay half of the daughter's college expenses so the daughter could attend a private college.

APPEAL by defendant from *Cashwell, Judge*. Judgment entered 28 August 1985 in District Court, WAKE County. Heard in the Court of Appeals 9 May 1986.

Plaintiff Mary Elaine Altman and defendant Robert Allen Munns are the divorced parents of plaintiff Lisa Elaine Munns. On 16 March 1971, when Lisa was five years old, her parents entered into a separation agreement which provided, in part, that if Lisa or her younger sister continued their education beyond high school, the defendant agreed to pay the costs of the college education, plus a reasonable living allowance. Defendant's liability for college expenses was limited to four academic years for each child.

Plaintiff Lisa Elaine Munns began attending college in the 1983-84 academic year. For various reasons, she had decided to attend Louisburg College. Defendant had discussed with plaintiff Altman the need for financial assistance if their daughter attended a private school rather than a public institution. After investigating various options for financing Lisa's college education, defendant decided, and plaintiff Altman agreed, that a guaranteed

Altman v. Munns

student loan would be the best way to finance Lisa's education. The parents agreed that each would pay half of the payments when they became due and plaintiff Altman also agreed to pay half the other expenses. Defendant applied for the loan because plaintiff Altman told him that her assets and income would disqualify Lisa from receiving the loan. Lisa received the GSL and her parents each paid half of the remaining expenses, about $815 each for the year, and defendant gave her an additional $150 per month allowance.

Lisa attended summer school in 1984, and each parent again paid one-half the cost, with defendant continuing the additional $150 per month allowance. In July 1984 plaintiff Altman told defendant she would not allow Lisa to apply for a GSL unless defendant would give her some sort of written guarantee that he would make all payments. Plaintiff Altman further told defendant she would not continue to pay half of Lisa's expenses. Defendant would not give such a guarantee, and Lisa did not receive a loan for 1984-85. Instead, for the 1984-85 academic year, plaintiff Altman paid all expenses for the fall semester, or $2116.00, and defendant paid all expenses for the spring semester, or $2060.00, in addition to continuing the $150/month allowance.

Plaintiffs filed this action in October 1984, seeking an order that defendant be required to specifically perform the provision of the 1971 Separation Agreement relating to the funding of the children's college education. Plaintiffs also sought recovery of the amount plaintiff Altman had already paid, and the amount of the loan.

Defendant answered, asserting that his subsequent agreement with Mrs. Altman constituted a modification of their earlier contract, the separation agreement. Defendant also contended that plaintiffs, by accepting one-half payments for Lisa's first year, waived enforcement of the separation agreement and, further, that the action was barred by laches.

The parties waived jury trial, and Judge Cashwell heard the evidence. He concluded that there was no effective modification of the separation agreement and that there had been no waiver. Accordingly, he entered judgment for plaintiff Altman for $3110.96, representing the amount she had already paid toward Lisa's education. He also entered judgment for plaintiff Munns for $2270.04,

representing the amount due on her Guaranteed Student Loan. Further, Judge Cashwell found the remedy at law to be inadequate and ordered defendant to specifically perform the provision of the 1971 Separation Agreement relating to college expenses. Defendant appeals.

*George R. Barrett for plaintiffs-appellees.*

*Donald H. Solomon; and Leigh L. Leonard, for defendant-appellant.*

PARKER, Judge.

Appellant contends that the facts as found by the trial judge do not support the conclusions of law and, in fact, compel the opposite conclusions. The facts were not in dispute and the trial judge found them essentially as outlined above. From these facts, the trial court concluded:

> (5) The Defendant has breached the terms of the Separation Agreement and is indebted to the Plaintiff, Mary Elaine Altman, in the sum of $3,110.96, and is indebted to the Plaintiff, Lisa Elaine Munns, in the amount of $2,270.04.

> (6) The Plaintiff, Mary Elaine Altman's, acceptance of a fait accompli in her agreement to and payment of one-half of the 1983-1984 fees and costs for Lisa Elaine Munns' education, did not constitute a novation or modification of the Defendant's obligations under the terms of the Separation Agreement.

[1] Defendant argues that he and Mrs. Altman reached an oral modification of their separation agreement as it related to the payment of Lisa's college expenses. The terms of the modified contract, asserted by defendant, are that each of Lisa's parents would pay one-half the expenses of Lisa attending a private college. In addition, defendant would pay Lisa a $150.00 per month allowance.

Under North Carolina law, a separation agreement may provide for the support of the children of the marriage after they reach majority. *Shaffner v. Shaffner*, 36 N.C. App. 586, 244 S.E. 2d 444 (1978). The most common of these provisions is one providing for the payment of college expenses of the children. *See*

*generally* 2 Lee, *North Carolina Family Law*, § 151 (1980). Ordinary contract law applies in interpreting such provisions. *Shaffner, supra.*

The 1971 Separation Agreement provided that:

> . . . if either of said children shall continue her education beyond secondary school at the college level or at a vocational or similar school, the Husband agrees to pay the costs of such education, including board, tuition, living and clothing allowance, and a reasonable amount for books, laboratory fees and similar items. Notwithstanding the foregoing, the Husband's obligations for the college or vocational education of any such child shall not extend over more than four academic years for each said child.

There was no clause relating to the selection of a college, nor was there any requirement that the children attend a public college.

For there to be an effective parol modification of a written contract, all the requisites of a contract must be met. *Yamaha Intern. Corp. v. Parks*, 72 N.C. App. 625, 325 S.E. 2d 55 (1985). The critical elements are mutual assent to the modification, and consideration or a substitute supporting it. *Clifford v. River Bend Plantation, Inc.*, 312 N.C. 460, 323 S.E. 2d 23 (1984). The testimony of Mrs. Altman at the hearing shows her assent to the modification. She testified that she "realized Louisburg College was more expensive. I felt sorry for Bob and therefore I agreed to pay one-half of Lisa's college expenses."

Contrary to defendant's assertions, however, allowing Lisa to attend a private college does not constitute the additional consideration necessary to find a modification. Defendant was bound by the separation agreement to pay for his children's college expenses. No distinction was made between a private or public college. Defendant's pre-existing duty to pay for his daughters' college educations could not also be the additional consideration necessary to a modification. 17 Am. Jur. 2d, *Contracts*, § 119 (1964). For the same reason, there was no detrimental reliance on the part of defendant, a necessary element for estoppel to be substituted as consideration. *Restatement (Second) of Contracts*, § 90 (1981). A party cannot be said to have relied to his detriment by performing that which he was originally bound to perform. *Id.*,

§ 92. Defendant's arguments that there was an accord and satisfaction or that the claim is barred by laches are similarly unavailing.

[2]  However, in our view, with respect to the payments for the 1983-84 academic year and summer school, plaintiff Altman has waived her claim for breach of contract by her actions subsequent to her discussion with defendant about financing their daughter's education. A party may waive the breach of a contractual provision without consideration or estoppel where (i) the waiving party is the non-breaching party; (ii) the breach is not a total repudiation of the contract so that the non-breaching party continues to receive some benefit of the contract; (iii) the innocent party is aware of the breach; and (iv) the innocent party performs or accepts the partial performance of the breaching party. *Wheeler v. Wheeler*, 299 N.C. 633, 263 S.E. 2d 763 (1980). Plaintiff Altman contends that there can be no waiver when the innocent party is acting under duress or undue influence. *See id.* However, Mrs. Altman testified that she agreed to the modification because "she felt sorry for Bob, not because she felt pressured or coerced in any way." This evidence shows that there was no undue influence. The parties were divorced, and no longer stood in a fiduciary relationship. Further, Mrs. Altman was aware of the terms of the separation agreement, and nothing prevented her from enforcing those terms instead of agreeing to pay one-half their daughter's expenses.

The person for whose benefit anything is to be done may waive strict performance of the contract by dispensing with any part of the contract or circumstance in the mode of performance. *Lithographic Co. v. Mills*, 222 N.C. 516, 23 S.E. 2d 913 (1943). A person may waive performance by saying that he dispenses with it or by conduct which naturally and justly leads the other party to believe that he dispenses with it. *Wade Mfg. Co. v. Lefkowitz*, 204 N.C. 449, 168 S.E. 517 (1933). In the instant case, the trial judge found that Mrs. Altman agreed to pay half the daughter's college expenses and half the payments on the student loan when due. Having voluntarily paid that which she knew defendant was obligated to pay, Mrs. Altman has waived her right to enforce the contract as to those monies. Mrs. Altman's conduct was positive, unequivocal and inconsistent with the terms of the separation

agreement. *See Singleton v. Atlantic Coast Line R.R.*, 203 N.C. 462, 166 S.E. 305 (1932).

With respect to plaintiff Munns, her benefit under the separation agreement was to have a four-year college education paid in full. Since plaintiff Altman's waiver did not affect this right and since there has been no breach of the contract as to her, plaintiff Munns' action was premature and entry of judgment in her favor was error.

We hold that the trial court erred in entering judgment for plaintiff Altman for the amount expended by her for Lisa's 1983-84 academic year and in entering judgment for plaintiff Munns for the amount of the loan. Plaintiff Altman is entitled to recover only the amount she expended for Lisa's 1984-85 academic year and to enforcement of the separation agreement for subsequent years. Plaintiff Altman and defendant are each obligated to pay one-half the student loan obtained by plaintiff Munns when the payments become due under the terms of the note and defendant is obligated to repay plaintiff Altman the amount she paid for the fall semester of Lisa Munns' second academic year at Louisburg College. The judgment of the trial court is

Reversed in part and affirmed in part.

Judges PHILLIPS and MARTIN concur.