FEDERAL LAND BANK OF COLUMBIA, PLAINTIFF v. SAMUEL LIEBEN,
GOODSON FARMS, INC., J. MICHAEL GOODSON, AND ESTATE OF
GREYLIN R. GOODSON AND SAMUEL LIEBEN, DEFENDANT, CROSS CLAIM
PLAINTIFF, AND THIRD PARTY PLAINTIFF; AND GOODSON FARMS, INC., J.
MICHAEL GOODSON, AND ESTATE OF GREYLIN R. GOODSON, DEFEND-
ANTS & CROSS CLAIM DEFENDANTS v. EDWARD F. MOORE, THIRD PARTY DE-
FENDANT

No. 874SC606

(Filed 5 April 1988)

1. **Guaranty § 2— guarantor's notice to holder to proceed against principal—guar-
antor protected by N.C.G.S. § 26-7(a)**

Where defendant signed a guaranty agreement whereby he agreed not
only to be liable for the entire balance of a note when it became due and
payable upon a default but also "to make payment of [any delinquent] full in-
stallment, including delinquent interest" thirty days after he had been given
written notice of the default, defendant was protected by N.C.G.S. § 26-7(a)
which provides that a guarantor may give written notice to a holder of the
obligation to proceed against the principal or its securities and collateral, since
defendant's written promise to pay each individual installment upon default
created an obligation covered by the statute; the note installment payment
became due and payable on 1 January 1982; plaintiff notified defendant of the
payment's delinquency on 19 January 1982; and defendant informed plaintiff on
25 January 1982 that he was exercising his rights under the statute.

2. **Guaranty § 2— no waiver of right to invoke N.C.G.S. § 26-7(a)**

The trial court properly found that language in defendant's guaranty con-
tract did not expressly waive defendant's right to invoke N.C.G.S. § 26-7(a) but
instead served only to identify the guaranty as a guaranty of payment.

3. **Guaranty § 2— balance of note at different times—admissibility of evidence—
damage to guarantor by holder's refusal to proceed against principal**

In an action to recover on a guaranty contract the trial court did not err
in admitting evidence of the note's balance at different periods of time, since
the evidence specifically addressed the question of whether defendant was
prejudiced by plaintiff's refusal to comply with N.C.G.S. § 26-7(a).

4. **Guaranty § 2— guarantor's indemnification by third person—no evidence that
guarantor waived N.C.G.S. § 26-7**

In an action to recover on a guaranty contract, defendant's indemnifica-
tion by a third person for the remaining potential liability existing under the
guaranty contract had no tendency to show any act which might induce plain-
tiff to believe defendant had waived N.C.G.S. § 26-7, and the trial court
therefore properly excluded as irrelevant a settlement agreement including
the indemnification provision.

**5. Guaranty § 2— holder's failure to comply with N.C.G.S. § 26-7—guarantor not required to mitigate damages**

Defendant as guarantor of a note was not required to mitigate the damages he suffered because of plaintiff's failure to comply with N.C.G.S. § 26-7.

APPEAL by plaintiff from *Pope, Judge.* Judgment entered 20 November 1986 in Superior Court, SAMPSON County. Heard in the Court of Appeals 8 December 1987.

*Wells, Blossom & Burrows, by Richard L. Burrows, attorney for plaintiff-appellant.*

*Petree Stockton & Robinson, by Daniel R. Taylor, Jr. and Clifford Britt, attorneys for defendant-appellee Samuel Lieben.*

ORR, Judge.

Plaintiff Federal Land Bank of Columbia, instituted suit on 20 August 1985 against defendant Lieben to recover upon a contract of guaranty signed by Lieben on behalf of Goodson Farms, Inc., J. Michael Goodson and Greylin R. Goodson.

At trial, the judge sitting without a jury, found plaintiff's actions had released Lieben from all liability as guarantor under the note. The judge dismissed plaintiff's action on the guaranty contract with prejudice.

From the judgment, plaintiff appeals.

I.

The determinative issue on appeal is whether defendant Lieben was protected by N.C.G.S. § 26-7(a) which provides in pertinent part:

After any note, bill, bond, or other obligation becomes due and payable, any surety, indorser, or guarantor thereof may give written notice to the holder or owner of the obligation requiring him to use all reasonable diligence to recover against the principal and to proceed to realize upon any securities which he holds for the obligation.

The following undisputed facts are relevant to this issue. The note Lieben guaranteed required Goodson Farms, Inc. to make an annual payment of interest and principal on 1 January 1982.

When Goodson Farms failed to make this payment, plaintiff notified Lieben, as guarantor, that the payment was "seriously delinquent," and "[i]f suitable arrangements [had] not been made by January 30, 1982, [the note would] be mailed to Columbia with recommendation for foreclosure." Lieben replied to plaintiff's notice on 25 January 1982, by informing it that he, as guarantor, was exercising his right, pursuant to N.C.G.S. § 26-7, to demand that plaintiff proceed against all securities and collateral held on the note and to recover against the principal debtor, Goodson Farms.

On 26 January 1982, plaintiff mailed two additional letters to Lieben. The first letter acknowledged plaintiff's receipt of Lieben's letter invoking N.C.G.S. § 26-7. The second letter stated that the unpaid note had been placed in delinquent status.

Despite Lieben's request for action, plaintiff did not proceed as required by N.C.G.S. § 26-7 against either Goodson Farms, or its securities and collateral, within thirty days after receiving Lieben's notice. Thereafter, on 23 February 1982, an outside investor, Edward Moore, made the 1 January 1982 note payment for Goodson Farms.

Plaintiff next contacted Lieben on 1 May 1985, to notify him that Goodson Farms was again delinquent in its note payment. After Lieben refused to pay on Goodson Farms' behalf, plaintiff brought suit against him as guarantor, on 20 August 1985, for the remainder of the unpaid note balance in the amount of $1,494,121.01 plus interest.

The trial court found that plaintiff's failure to comply with N.C.G.S. § 26-7(a) released Lieben to the extent he was prejudiced by plaintiff's delay. The trial court further found Lieben was prejudiced for the entire amount of the guaranty and, therefore, was released from all liability as guarantor under the note under N.C.G.S. § 26-9.

## II.

[1] On appeal, plaintiff first contends the trial court's findings of fact and conclusion of law, holding Lieben properly invoked N.C.G.S. § 26-7(a), were not supported by the evidence.

The trial court's findings of fact in a non-jury trial have the force and effect of a verdict by a jury and are conclusive on ap-

peal if there is evidence to support them. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975); *Industrial & Textile Piping v. Industrial Rigging*, 69 N.C. App. 511, 317 S.E. 2d 47, *disc. rev. denied*, 312 N.C. 83, 321 S.E. 2d 895 (1984). Judgments supported by such findings will be affirmed on appeal. *Transit, Inc. v. Casualty Co.*, 285 N.C. 541, 206 S.E. 2d 155 (1974); *Alpar v. Weyerhaeuser Co.*, 20 N.C. App. 340, 201 S.E. 2d 503, *cert. denied*, 285 N.C. 85, 203 S.E. 2d 57 (1974).

Plaintiff argues that N.C.G.S. § 26-7(a) may only be invoked when a note has matured and is fully due and payable. It contends that because the evidence did not show the note had matured in full, at the time Lieben gave notice, the trial court's findings and conclusion were erroneous.

We disagree and we find plaintiff has incorrectly interpreted the scope of N.C.G.S. § 26-7(a).

N.C.G.S. § 26-7(a) permits a guarantor to notify a creditor to take action "[a]fter any note, bill, bond, *or other obligation* becomes due and payable . . . ." (Emphasis added.) An obligation is defined as "any certain written promise to pay money . . . ." Black's Law Dictionary 969 (rev. 5th ed. 1979).

In the parties' guaranty agreement, Lieben promised not only to be liable for the entire balance of the note when it became due and payable upon a default, but also "to make payment of [any delinquent] full installment, including delinquent interest" thirty days after he had been given written notice of the default. Thus, Lieben's written promise to pay each individual installment upon default created an obligation covered by N.C.G.S. § 26-7(a).

N.C.G.S. § 26-9 gives further guidance on the question of notice, stating that "[a]ny such notice to the holder or owner of the obligation as is authorized by G.S. 26-7 may be given *at or subsequent to* the time such obligation is due . . . ." N.C.G.S. § 26-9(b) (1986) (emphasis added).

The trial court's findings show that the note installment payment became due and payable on 1 January 1982, that plaintiff notified Lieben of the payment's delinquency on 19 January 1982, and that Lieben informed plaintiff on 25 January 1982 he was exercising his rights under N.C.G.S. §§ 26-7 through 26-9. These findings are supported by competent evidence in the record.

Therefore, we conclude the trial court's findings and conclusion, holding Lieben properly invoked N.C.G.S. § 26-7(a), were based on sufficient evidence. We overrule this assignment of error.

### III.

[2]  The trial court also found that language in Lieben's guaranty contract did not expressly waive Lieben's right to invoke N.C.G.S. § 26-7(a). Plaintiff contends this conclusion was erroneous.

When determining if a right has been waived, the Supreme Court of North Carolina said:

'. . . Waiver . . . presupposes that the person to be bound is fully cognizant of his rights, and that being so he neglects to enforce them . . . . Waiver must be manifested in some unequivocal manner, and to operate as such it must in all cases be designed, or one party must have so acted as to induce the other to believe that he intended to waive, when he will be forbidden to assert to the contrary.'

*Realty Co. v. Spiegel, Inc.*, 246 N.C. 458, 466, 98 S.E. 2d 871, 877 (1957), *quoting, Manufacturing Co. v. Building Co.*, 177 N.C. 104, 107, 97 S.E. 718, 720 (1919).

Two rules of contract construction guide our review of this provision. The first rule requires any ambiguity in a written contract to be construed against the party who drafted the instrument. *Adder v. Holman & Moody, Inc.*, 288 N.C. 484, 219 S.E. 2d 190 (1975); *Contracting Co. v. Ports Authority*, 284 N.C. 732, 202 S.E. 2d 473 (1974). The second rule states the liability of a guarantor must not be enlarged beyond the strict terms of the contract. *O'Grady v. Bank*, 296 N.C. 212, 250 S.E. 2d 587 (1978); *Jones v. Realty Co.*, 226 N.C. 303, 37 S.E. 2d 906 (1946).

The statement in the guaranty relied on by plaintiff says:

The Federal Land Bank of Columbia can require payment immediately upon the expiration of 30 days after default and shall not be required to first institute suit or exhaust its remedies against Goodson Farms, Inc., or J. Michael Goodson, or Greylin R. Goodson, or to first enforce its rights against any collateral which has been pledged to secure such indebtedness.

The trial court found this language served only to identify the guaranty as a guaranty of payment and was not intended to waive N.C.G.S. § 26-7.

There are two types of guaranties: a guaranty of payment and a guaranty of collection. The type of guaranty given is determined by the language of the guaranty contract. *See Trust Co. v. Creasy*, 301 N.C. 44, 269 S.E. 2d 117 (1980); *Thompson v. Soles*, 299 N.C. 484, 263 S.E. 2d 599 (1980). The language in the above provision is commonly used to describe a guaranty of payment. *See* 9 Am. Jur. Legal Forms 2d *Guaranty* §§ 132:269 and 132:271 (1985).

Accordingly we find the trial court's narrow interpretation of the language in Lieben's favor comports with the rules of construction and the case law discussed above. We overrule this assignment of error.

## IV.

**[3]** Plaintiff next contends the trial court improperly admitted evidence of the note's balance at different periods of time.

On appeal plaintiff cites numerous reasons as to why this evidence was prejudicial. At trial plaintiff argued only that the evidence was irrelevant because it was derived from hypothetical questions, based on assumptions contrary to the truth.

"A specific objection, if overruled, will be effective only to the extent of the grounds specified. It makes no difference that there was another ground which would have been valid, unless there is no purpose at all for which the evidence would have been admissible." 1 Brandis on North Carolina Evidence § 27 (1982); *State v. Jones*, 293 N.C. 413, 238 S.E. 2d 482 (1977); *Santora, McKay & Ranieri v. Franklin*, 79 N.C. App. 585, 339 S.E. 2d 799 (1986); *State v. Sellars*, 52 N.C. App. 380, 278 S.E. 2d 907, *appeal dismissed and disc. rev. denied*, 304 N.C. 200, 285 S.E. 2d 108 (1981).

N.C.G.S. § 8C-1, Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The evidence challenged by plaintiff consisted of liquidation figures derived by Dorothy Barefoot, an employee of plaintiff, who was familiar with the Goodson Farms' loan books and records. Ms. Barefoot, at Lieben's request, determined what the balance due on the Goodson Farms' loan would be for the dates 1 January 1982 and 1 January 1983, if the 1 January 1982 installment payment had never been made.

As the record discloses, Lieben submitted these figures to show that the value of the collateral securing the loan exceeded the balance of the loan due on the date Lieben invoked N.C.G.S. § 26-7; and that the value of the collateral continued to exceed the balance due on the note until at least 1 January 1983.

This evidence specifically addressed the question of whether Lieben was prejudiced by plaintiff's refusal to comply with N.C.G.S. § 26-7(a). Furthermore, this evidence is essential in determining the degree of prejudice suffered by Lieben.

We find the evidence tended to make the existence of a fact of consequence to the determination more probable or less probable. Accordingly, we conclude the evidence was relevant and properly admitted at trial, and we overrule this assignment of error.

## V.

Plaintiff's third assignment of error contends the trial court improperly excluded evidence of conduct by Lieben showing an implied waiver of the N.C.G.S. § 26-7 provisions.

Exclusion of evidence is not prejudicial when appellant fails to show that the excluded evidence was material. *Hege v. Sellers*, 241 N.C. 240, 84 S.E. 2d 892 (1954); *Jackson v. Parks*, 220 N.C. 680, 18 S.E. 2d 138 (1942); *Hammond v. Williams*, 215 N.C. 657, 3 S.E. 2d 437 (1939).

Furthermore, to be material the evidence must be relevant and have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (1986).

The law regarding an implied waiver is stated as follows:

'A waiver takes place where a man dispenses with the performance of something which he has a right to exact. A man may do that . . . by conduct which naturally and justly leads the other party to believe that he dispenses with it. There can be no waiver unless so intended by one party, and so understood by the other, or one party has so acted as to mislead the other.' And further, 'the intent to waive may appear as a legal result of conduct. . . . [T]he intention to abandon a right, is generally a matter of inference to be deducted with more or less certainty from the external and visible acts of the party and all the accompanying circumstances of the transaction, regardless of whether there was an actual or expressed intent to waive, or even if there was an actual but undisclosed intention to the contrary. The decisions declaring intent to be the essence of waiver recognize that the intent may be inferred from a party's conduct.'

*Manufacturing Co. v. Lefkowitz*, 204 N.C. 449, 453-54, 168 S.E. 517, 519 (1933), *quoting in part*, Herman on Estoppel; *Construction Co. v. Crain and Denbo, Inc.*, 256 N.C. 110, 123 S.E. 2d 590 (1962); *Altman v. Munns*, 82 N.C. App. 102, 345 S.E. 2d 419 (1986); *Kinnard v. Mecklenburg Fair*, 46 N.C. App. 725, 266 S.E. 2d 14, *aff'd per curiam*, 301 N.C. 522, 271 S.E. 2d 909 (1980).

In the present case, to be relevant on the issue of implied waiver, plaintiff's evidence must show that Lieben acted in a manner which induced plaintiff to believe Lieben intended to waive the provisions of N.C.G.S. § 26-7. *Realty Co. v. Spiegel, Inc.*, 246 N.C. 458, 98 S.E. 2d 871; *Altman v. Munns*, 82 N.C. App. 102, 345 S.E. 2d 419.

[4]    A. Three types of evidence offered by plaintiff on this issue were rejected by the trial court. First, plaintiff attempted to introduce a settlement agreement entered into by Lieben, Goodson Farms, and a third party, Edward Moore.

Lieben, in addition to serving as guarantor on Goodson Farms' note with plaintiff, owned stock and stock options in Goodson Farms, had loaned substantial sums of money to the farm, and held deeds of trust to farm property as security for his loans. In 1984, Lieben brought suit against Goodson Farms to recover payment due for his loans. The parties settled the suit, and in the agreement arising out of the settlement Edward Moore, a third

party investor who was not involved in the lawsuit, agreed to "indemnify and hold harmless Lieben from any and all amounts which may hereafter be paid pursuant to the guarantees of the aforementioned loans to [Goodson] Farms from [plaintiff] the Federal Land Bank of Columbia . . . ."

The settlement agreement, plaintiff argues, tended to show that Lieben had waived the protections of N.C.G.S. § 26-7, and knew and accepted the fact that he was still fully obligated to plaintiff as guarantor for the loan.

N.C.G.S. § 26-9 governs the effect of failure to comply with N.C.G.S. § 26-7 and states:

> (a) If the holder or owner of the obligation refuses or fails, within 30 days from the service or receipt of such notice, to take appropriate action pursuant thereto, the following persons shall be discharged on any such note, bond, bill or other obligation to the extent that they are prejudiced thereby:

> (1) The . . . guarantor giving such notice . . . .

Under this statute, plaintiff's refusal to move against either Goodson Farms or the farm's collateral to collect the balance of the note due in 1982 released Lieben, as guarantor, only to the extent he was prejudiced. If the solvency of Goodson Farms and the value of its collateral in 1985 were equivalent to the same values existing in 1982, when Lieben gave plaintiff the N.C.G.S. § 26-7 notice, Lieben would not have been prejudiced by plaintiff's failure to act and would have continued to be liable for the entire amount of the note he originally guaranteed.

For this reason, we conclude Lieben's indemnification by Edward Moore, for the remaining potential liability existing under the guaranty contract, had no tendency to show any act, which might induce plaintiff to believe Lieben had waived N.C.G.S. § 26-7. Thus, the settlement agreement was properly excluded at trial as irrelevant.

[5] B. The next evidence plaintiff contends was improperly excluded consisted of: (1) a 16 November 1981 proxy giving Lieben voting power of Goodson Farms' stock; (2) two notices calling for a Goodson Farms shareholder's meeting on 16 November and 3

December 1981; (3) a 7 December 1981 Goodson Farms' shareholder resolution authorizing a sale of farm land for cash to pay in full plaintiff's note and to release Lieben as guarantor; and (4) 30 January 1981 meeting notes belonging to Lieben, in which he concluded that Goodson Farms had a zero liquidation value.

Plaintiff contends these documents show Lieben's ability to liquidate Goodson Farms without relying on plaintiff to take this action pursuant to N.C.G.S. § 26-7. Consequently, plaintiff argues, Lieben had a duty to institute foreclosure independent of plaintiff to mitigate the damages he suffered because of plaintiff's refusal to comply with N.C.G.S. § 26-7.

Plaintiff's argument is based on an erroneous assumption. The duty to mitigate arises only in tort actions and breach of contract actions. *Miller v. Miller*, 273 N.C. 228, 160 S.E. 2d 65 (1968); *Johnson v. R. R.*, 184 N.C. 101, 113 S.E. 606 (1922); *Radford v. Norris*, 63 N.C. App. 501, 305 S.E. 2d 64 (1983). Here, Lieben's rights and remedies are statutorily mandated by N.C.G.S. §§ 26-7 through 26-9. These statutes do not require Lieben, as guarantor, to mitigate the damages he suffered because of plaintiff's failure to comply with N.C.G.S. § 26-7. Therefore, this Court declines to expand the scope of the duty to mitigate in the present case.

Since plaintiff presented no other reason for the admission of this evidence at trial, we conclude the trial court properly excluded the evidence as irrelevant.

C. The third piece of evidence rejected by the trial court was a report on Edward Moore's financial status received by Lieben on 8 March 1983 prior to his signing of the settlement agreement with Moore.

Plaintiff contends this report shows Lieben's intent to obtain repayment for personal loans he made to Goodson Farms and to be indemnified for his liability as guarantor on Goodson Farms' note.

Assuming *arguendo* plaintiff's argument is true, the evidence has no tendency to show any act of Lieben's which would induce plaintiff to believe Lieben had waived N.C.G.S. § 26-7. For this reason, we conclude this evidence was also properly excluded as irrelevant by the trial court.

We overruled this assignment of error.

## VI.

For the reasons discussed above, we find the trial court properly concluded that Lieben was protected by N.C.G.S. § 26-7 and that plaintiff's failure to proceed under the statute released Lieben to the extent he had been prejudiced.

We further find the trial court's conclusion that Lieben had been prejudiced for the entire amount of his guaranty and, thus, was released from any liability to plaintiff, based on competent evidence.

Accordingly, we hold the trial court properly dismissed plaintiff's action to recover under the guaranty contract with prejudice.

## VII.

After review, we find plaintiff's remaining assignments of error to be without merit and decline to discuss them.

We conclude plaintiff received a fair trial free from prejudice and we find no error in the decision of the trial court.

Affirmed.

Judges ARNOLD and JOHNSON concur.