**Michael GORDON, Plaintiff–Appellant,**

**v.**

**Herbert M. LUKSCH,
Defendant–Appellee.**

**Michael GORDON, Plaintiff–Appellee,**

**v.**

**Herbert M. LUKSCH,
Defendant–Appellant.**

Nos. 89–2602, 89–2613.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 14, 1989.

Decided Oct. 18, 1989.

As Amended Dec. 28, 1989.

Philip J. Harvey (Shaw, Pittman, Potts & Trowbridge, Washington, D.C., on brief), for plaintiff-appellant.

Neal A. Goldfarb (Warren K. Kaplan, Melrod, Redman & Gartlan, Washington, D.C., on brief), for defendant-appellee.

Before MURNAGHAN, SPROUSE, and CHAPMAN, Circuit Judges.

SPROUSE, Circuit Judge:

Michael Gordon appeals the district court's order dismissing without prejudice his claim against his business partner Herbert M. Luksch and Luksch Equities, Inc. (hereafter Luksch) for contribution on the

---

repayment of a business loan. Luksch and Gordon cross-appeal the court's denial of their summary judgment motions. The district court abstained from exercising its jurisdiction on the ground that the claim could and should be heard in an action for dissolution and accounting filed earlier in the superior court of the District of Columbia. We reverse.

## I.

Michael Gordon and Herbert M. Luksch had been partners in the District of Columbia in a multi-million dollar business of acquiring real estate properties, developing them and selling them. Gordon and Luksch organized their partnership as a network of partnerships and corporations in which they were stockholders, general partners, and limited partners. They borrowed money to supply working capital and funded their various enterprises with intercompany loans. In 1986, they first opened a $500,000 line of credit with McLachlen Bank, executing a note with GLM Corporation as maker and themselves individually as guarantors. They regularly renewed the promissory note in this manner every six months until September 1987, when McLachlen Bank insisted that Gordon and Luksch be co-makers, jointly and severally liable, although the purpose of the loan remained the same. The renewal note dated January 31, 1988, and executed by Gordon, Luksch, and another person not involved in this suit, is at issue in this case.

Despite the success of their partnership, Luksch withdrew from active participation in 1986, leaving control to Gordon of what was called collectively the "GLM Companies." On August 11, 1988, Luksch and Luksch Equities, Inc. filed a complaint in superior court in the District of Columbia against Gordon, two other individuals, and several GLM entities[1] for damages, injunction, accounting, dissolution and appointment of a receiver.

In the meantime, the January 31, 1988, renewal note came due, and Gordon paid the entire amount on August 31, 1989. He then filed the present suit in federal district court for the Eastern District of Virginia on October 28, 1988, seeking contribution from Luksch of $166,666.66. The parties filed cross motions for summary judgment, which the district court denied. Luksch alternatively moved that the court stay proceedings pending resolution of the superior court suit. The court denied the summary judgment motions of both parties, but dismissed the action without prejudice, reasoning that it was appropriate to abstain because the issue could be raised in Luksch's pending suit in superior court. In our view, the district court properly denied both motions for summary judgment, but erred in abstaining.

## II.

The Supreme Court has recognized that in some limited situations, a federal court may dismiss a suit "for reasons of wise judicial administration" when there is a "concurrent state proceeding." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).[2] Only in the most extraordinary circumstances, however, may federal courts abstain from exercising jurisdiction in order to avoid piecemeal litigation. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983); *Cox v. Planning Dist. I Community Mental Health & Mental Retardation Servcs. Bd.,* 669 F.2d 940, 942 (4th Cir.1982). It follows that because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," pendency of an action in state court by itself does not bar proceedings in

---

1. In addition to Gordon, defendants included William A. Dietch, Sol Klein, and several GLM entities.

2. The other well-settled principles of abstention, of course, do not apply here. *See Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (when questions of state law may dispose of the case); *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (to avoid unnecessary conflict with state law and administration); *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959), and *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959) (eminent domain-type abstention when state law is unsettled); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (to avoid restraint of state criminal proceedings).

federal court. *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. The Supreme Court reiterated factors relevant to a decision to abstain in such cases in *Cone*, 460 U.S. at 15–16, 103 S.Ct. at 937 (quoting *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1247):

> In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums.... *Only the clearest of justifications will warrant dismissal.*

The factors must be balanced, however, and "heavily weighted in favor of the exercise of jurisdiction." *Id.* at 16, 103 S.Ct. at 937.

■ In the present case, it is clear that the balance of factors does not amount to the exceptional circumstances necessary to justify the district court's dismissal. It is true that the superior court action was filed some time prior to Gordon's action on the note filed in the federal court. However, we must look not only to the formal filing sequence but also consider "how much progress has been made in the two actions." *Cone*, 460 U.S. at 21, 103 S.Ct. at 940. This is particularly true when the state court action has not progressed far, as in this case where discovery has been stayed pending resolution of a dispute between the parties. *Cf. American Disposal Servcs., Inc. v. O'Brien*, 839 F.2d 84, 88 (2d Cir.1988). The issues in both courts require interpretation of state law, but they are uncomplicated and permit little legal disagreement. Thus they do not weigh in favor of abstention, particularly since both parties may find an adequate remedy in either state or federal court. Although it would have been possible to raise the issue of the $500,000 loan in the District of Columbia proceedings, judicial diseconomy alone does not justify abstention. *See Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717 (7th Cir.1982). The resolution of the dispute at issue in this forum will not disrupt proceedings in the superior court, even assuming Luksch is entitled to an accounting. Finally, since the federal court is in close proximity to the D.C. court, we assign no weight to Luksch's *forum non conveniens* argument. We affirm the denial of motions for summary judgment, but reverse the decision to abstain.

REVERSED AND REMANDED.