991 F.2d 790
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gerald MATIYASIC, Plaintiff-Appellant,
v.
ACCESS CONTROLS, INCORPORATED; KJBQT Leasing, Incorporated,
Defendants-Appellees.
 No. 92-1342.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 2, 1993
Decided: April 6, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-91-749-R)
 Argued: Alan Monas Perlman, Silver Spring, Maryland, for Appellant.
 Gerard J. Emig, Rockville, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and PAYNE, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Gerald Matiyasic appeals an order of the district court granting a motion to stay the proceeding pending resolution of a state court action raising the same claim against Access Controls, Incorporated and KJBQT Leasing, Incorporated (collectively, "Access Controls"). Matiyasic contends that this case presents no exceptional circumstances warranting abstention. We disagree, and therefore affirm.
 
 I.
 
 2
 Matiyasic filed identical complaints against Access Controls in United States District Court for the District of Maryland and in Circuit Court for Montgomery County, Maryland. Matiyasic claimed personal injuries allegedly caused by the negligent acts of Access Controls. Although he immediately served the summons and complaint for the state court proceeding on Access Controls, Matiyasic did not serve the federal litigation documents until six months later. Access Controls immediately moved to stay the federal proceeding. The district court granted the motion[1] and this appeal followed.[12]
 
 II.
 
 3
 "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conser. Dist. v. United States, 424 U.S. 800, 813 (1976). Accordingly, a state action does not bar a duplicate proceeding in federal court absent the presence of exceptional circumstances. See McLaughlin v. United Va. Bank, 955 F.2d 930, 934-35 (4th Cir. 1992). Exceptional circumstances include consideration of the similarity of the remedies sought and the source of applicable law, see New Beckley Mining Corp. v. International Union, UMWA, 946 F.2d 1072, 1074 (4th Cir. 1991), cert. denied, 112 S. Ct. 1587 (1992), as well as the progress of the suits and the adequacy of the state court proceeding to protect the rights of litigants, see Moses H. Cone Memorial Hosp., 460 U.S. at 21-27.[3] Determination of whether these factors provide "the clearest of justifications" to relinquish federal jurisdiction "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Id. at 25, 16 (internal quotation marks omitted). We review the decision of the district court for an abuse of discretion, as "exercise[d] ... in accordance with the ... exceptional circumstances test." See New Beckley Mining Corp., 946 F.2d at 1074 (internal quotation marks and citations omitted).
 
 
 4
 As this court has observed, to establish whether a case presents exceptional circumstances, we must "determine whether there exist parallel duplicative state proceedings." McLaughlin, 955 F.2d at 935. Matiyasic admits that the complaints, except for the caption identifying the court in which the papers were filed, are indistinguishable. Thus, we find that the claims are "totally duplicative." Id.
 
 
 5
 Because the actions are perfectly parallel, it follows that Matiyasic seeks the same relief in both suits. This aspect of the similarity of the actions militates in favor of abstention. Cf. New Beckley Mining Corp., 946 F.2d at 1074 (noting that "[a] difference in remedies is a factor counseling denial of a motion to abstain"). Also, since Matiyasic's allegations rest on application of Maryland law, the source of law also counsels against retention of jurisdiction. Cf. id. (observing that source of law was federal, thus favoring retention of jurisdiction).
 
 
 6
 Despite these considerations, Matiyasic offers two arguments to support his position that the district court improperly abstained. First, he contends "that the parallel state-court litigation [is not] an adequate vehicle for the complete and prompt resolution of the issues between the parties," Moses H. Cone Memorial Hosp., 460 U.S. at 28, because Maryland state courts lack authority to subpoena witnesses residing in Pennsylvania. Matiyasic points out that the district court could exercise its power under Federal Rule of Civil Procedure 45(b)(2) to serve a subpoena "at any place without the district that is within 100 miles of the place of the deposition, hearing, [or] trial." Fed. R. Civ. P. 45(b)(2); see also Fed. R. Civ. P. 45(c), (d), (e). Thus, he maintains that the more restrictive procedural rules of state court will hamper full and fair adjudication of his claim.
 
 
 7
 Matiyasic's candid responses during oral argument contradict these assertions. Indeed, Matiyasic conceded that he could obtain a fair and adequate trial in state court. Thus, we find no merit in Matiyasic's position regarding the possible inadequacy of the state court proceeding to protect his rights. See Moses H. Cone Memorial Hosp., 460 U.S. at 26-27. Because he could obtain an adequate remedy in either forum, this consideration does not weigh in favor of abstention. See Gordon v. Luksch, 887 F.2d 496, 498 (4th Cir. 1989).
 
 
 8
 Second, Matiyasic maintains that the parties had achieved no significant progress in the state action by the time Access Controls moved for the stay. The record, however, belies this contention. Over six months of discovery followed service of process in the state proceeding, while the federal action remained dormant. Access Controls pointed out at oral argument that Matiyasic did not serve process in the federal action until after the state court set a trial date. Indeed, the only activity in the federal proceeding was the filing and ruling on the motion to stay. Plainly, this disparate progression of the cases weighs in favor of abstention. See Colorado River Water Conser. Dist., 424 U.S. at 820 (holding that abstention was proper, and finding "significant ... the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss").
 
 
 9
 Although considerations militate both for and against abstention, we believe that, in this instance, the progress of the proceeding in Maryland state court shifts the balance toward abstention, see American Disposal Serv., Inc. v. O'Brien, 839 F.2d 84, 88 (2d Cir. 1988), and provides "the clearest of justifications" to support the decision of the district court, Moses H. Cone Memorial Hosp., 460 U.S. at 25 (internal quotation marks omitted). Matiyasic took full advantage of the state court forum and its resources, while his federal action languished. Thus, "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' " lead us to conclude that the district court did not abuse its discretion in granting the stay. Colorado River Water Conser. Dist., 424 U.S. at 817 (alteration in original) (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)). Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 Access Controls also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) because the complaint did not allege an amount in controversy in excess of $50,000. See 28 U.S.C.A. § 1332(a) (West Supp. 1992). Finding that this error easily could be corrected by amendment, the district court did not rely on Rule 12(b)(1) in its order. On appeal, the parties do not raise this jurisdictional issue
 
 
 [2]
 Issuance of a stay pending resolution of an identical suit in state court constitutes a final order within the meaning of 28 U.S.C.A. § 1291 (West Supp. 1992). See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 8-10 (1983)
 
 
 [3]
 We note that there are numerous other factors that may constitute exceptional circumstances, including jurisdiction over property, the convenience of the fora, the threat of piecemeal litigation, and the order in which jurisdiction was obtained. See McLaughlin, 955 F.2d at 934. Because the parties do not argue that these considerations press for or against abstention, we do not consider them