**NATIONAL TEXTILES, LLC, Plaintiff,**

v.

**William R. DAUGHERTY, Defendant.**

**No. CIV.1:02–CV–00817.**

United States District Court,
M.D. North Carolina.

Feb. 13, 2003.

George L. Little, Jr., Susan Holdsclaw Boyles, Kilpatrick Stockton, L.L.P., Winston–Salem, NC, for plaintiff.

James Donald Cowan, Jr., Smith Moore, L.L.P., Raleigh, NC, Laurie D. Clark, Smith Moore, L.L.P., Greensboro, NC, Broderick L. Young, Arnett Draper and Hagood, Knoxville, TN, for defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

On September 5, 2002, National Textiles, LLC ("National") filed suit in the Superior Court of Forsyth County, North Carolina, against William R. Daugherty ("Daugherty") alleging that Daugherty breached his Personal Guaranty and Pledge Agreement ("Personal Guaranty") with National by failing to pay National according to the terms of the Personal Guaranty. Daugherty removed the case to federal court based on diversity jurisdiction.

This matter is before the court on Daugherty's motion to dismiss or, in the alternative, to stay this action. For the following reasons, the court will deny Daugherty's motion to dismiss or, in the alternative, to stay this action.

## FACTS

In the summer of 2001, National contracted with Daugherty Manufacturing Company ("DMC"), a Delaware corporation with its principal place of business in Knoxville, Tennessee, to provide DMC with fabric and cut parts to be used in a line of sportswear that DMC had contracted to furnish Gear for Sports, Inc. On or about June 21, 2001, DMC executed a credit application requesting that National extend it a line of credit. National initially rejected DMC's application because of DMC's inability to demonstrate credit worthiness. On or about July 20, 2001, Daugherty, who is the president of DMC, executed in his individual capacity a Personal Guaranty. The Personal Guaranty obligates Daugherty personally to pay DMC's account obligations, costs and expenses, including attorney's fees. In reliance on the Personal Guaranty, National extended credit and delivered materials to DMC.

On July 19, 2002, DMC commenced litigation in the state court of Tennessee against National alleging breach of contract, intentional interference with a business relationship, and violations of the Tennessee Consumer Protection Act. National filed counterclaims in the Tennessee action against DMC seeking to recover amounts allegedly owed on the principal contract. On September 5, 2002, National filed the present action in the state court of North Carolina against Daugherty as the guarantor of the principal debtor, DMC. Daugherty has asserted, *inter alia,* as an affirmative defense that National breached its contractual obligations by supplying DMC with defective and nonconforming fabric parts and by reason of

its breach he, as guarantor of DMC, has been discharged from the parties' contract.

Daugherty moves to have the present action dismissed or, in the alternative, stayed pending the resolution of the Tennessee state court proceeding. Daugherty contends that exceptional circumstances exist that warrant dismissing or staying the present suit in favor of the Tennessee action. Specifically, Daugherty argues that under North Carolina law, National is required to first proceed against DMC, who is the principal debtor, that resolution of this action prior to the Tennessee action may prejudice his rights, and that the Tennessee action should be given priority as the first-filed action. Accordingly, Daugherty seeks to have this court abstain from exercising its jurisdiction over the present action.

## DISCUSSION

 "'The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 934 (4th Cir.1992) (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910)). "[O]ur dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other." *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 340 (4th Cir.2002). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). A federal court "may abstain from exercising [its] jurisdiction in the exceptional circumstances where a federal case duplicates contemporaneous state proceedings and '[w]ise judicial administration, giving regard to conservation of judi-

cial resources and comprehensive disposition of litigation' clearly favors abstention." *Vulcan*, 297 F.3d at 340–41 (quoting *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236).

In determining whether to abstain, the court's task "'is not to find some substantial reason for the *exercise* of federal jurisdiction ...; rather, the task is to ascertain whether there exist "exceptional" circumstances ... that can suffice under *Colorado River* to justify the *surrender* of ... jurisdiction.'" *McLaughlin*, 955 F.2d at 934 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Under the doctrine of *Colorado River*, in order for a court to abstain, two conditions must be satisfied. First, the state and federal proceedings must be parallel. *Id.* at 935. Second, if the suits are parallel, "exceptional circumstances" warranting abstention must exist. *Id.* at 934–35.

### A. Parallel Proceedings

Daugherty asserts that the Tennessee suit and the suit at bar are parallel. He argues that one of the critical defenses he alleges in this proceeding mirrors DMC's allegation in the Tennessee proceeding, namely that National breached its contract and did not properly credit DMC for overcharges. National, however, contends that the two proceedings are not parallel. National argues that the parties are not the same, that the central issues in the two proceedings are not duplicative, and that the issue of Daugherty's Personal Guaranty is not pending in the Tennessee action.

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. International Union, United Mine Workers of America*, 946 F.2d 1072, 1073 (4th Cir.1991). Factual overlap between two proceedings, however, does not necessary mean the suits

are parallel. *Id.* at 1074. Nor are suits parallel when the remedies sought and the legal theories advanced differ. *See id.; McLaughlin* 955 F.2d at 935.

The Tennessee action involves National and DMC. DMC filed suit alleging that National breached its contract, intentionally interfered with a business relationship, and violated the Tennessee Consumer Protection Act. National filed a counterclaim alleging that DMC breached its contract. This suit, which was filed by National, alleges that Daugherty, as the personal guarantor of the contract between DMC and National, breached his contract. National is named in both proceedings and has asserted claims in both proceedings. Neither DMC nor Daugherty is named in both suits, but the interests of these parties are closely aligned. Daugherty serves as the president of DMC and is the guarantor of DMC's contract with National. While the parties in these proceedings are not exactly the same, they are nevertheless substantially the same.

In addition to the parties being substantially the same, the issues raised in both suits are also substantially the same. In the Tennessee suit, National's counterclaim against DMC alleges that DMC breached its contract by failing to make payments on its line of credit. In the suit at bar, National makes the same claim against Daugherty as the party secondarily liable under the contract. National's complaint alleges that "DMC and Daugherty have failed and refused to pay National for materials ordered by DMC and supplied to DMC by National." (Compl.¶ 8.) A determination that DMC is liable on the contract will necessarily mean that Daugherty is also liable, subject to any defense Daugherty has with regard to the validity of the Personal Guaranty. Moreover, one of Daugherty's defenses in this suit mirrors DMC's allegation against National in the Tennessee action, namely that National breached its contract. Finally, National seeks as its remedy in both proceedings the sum DMC and Daugherty allegedly owe on the contract. Therefore, because both proceedings involve substantially the same parties and raise substantially the same issues, the court finds that the Tennessee suit and the suit at bar are parallel proceedings.

## B. *Exceptional Circumstances*

A determination that the proceedings are parallel does not end the court's inquiry. "[E]ven when a federal action is parallel to a state action, only 'exceptional circumstances' justify a federal court in avoiding its 'virtually unflagging obligation . . . to exercise the jurisdiction given [it].'" *Gannett Co., Inc. v. Clark Constr. Group, Inc.,* 286 F.3d 737, 744 (4th Cir.2002) (quoting *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236). The Supreme Court has identified several factors to guide the court's analysis of whether exceptional circumstances exist: (1) jurisdiction over the property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law is implicated; and (6) whether the state court proceedings are adequate to protect the parties' rights. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 15, 19–27, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. 1236. These factors, however, are not to be applied rigidly; rather, the court "must balance the weight of each in accordance with the facts of a given case 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *McLaughlin,* 955 F.2d at 935 (quoting *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927).

### 1. *Jurisdiction over property*

Neither the Tennessee proceeding nor this proceeding involves the rights of either party in any particular property. Both suits primarily concern allegations of breach of contract. Thus, because both proceedings are *in personam* actions and neither depends on or involves exercising jurisdiction over property, this factor weighs against abstention. *Gannett*, 286 F.3d at 747.

### 2. *Inconvenience of federal forum*

Daugherty argues that this forum is inconvenient because he is a resident of Tennessee and virtually all of the events giving rise to National's claims occurred in Tennessee. The fabric parts, which Daugherty has alleged were non-conforming, were delivered to DMC for assembly in Tennessee, and the letter of credit and the Personal Guaranty were executed in Tennessee. This is not to say, however, that there are no connections with this forum.

National maintains its principal place of business in Winston–Salem, North Carolina. Furthermore, the contract between Daugherty and National contains a forum selection clause, which explicitly provides that Daugherty consents to the jurisdiction of the state and federal courts of North Carolina. The Fourth Circuit has recognized that "absent a showing that the chosen forum is unreasonable or was imposed by fraud or unequal bargaining power, the parties' choice should be enforced." *Vulcan*, 297 F.3d at 339. Daugherty has not alleged any of these considerations. The parties have elected to have their disputes resolved in this forum. It is undeniable that litigating this action in North Carolina will be more difficult for Daugherty. Daugherty, however, contracted for this forum and he has not shown to a sufficient extent that this forum will be inconvenient.

Thus, this factor weighs against abstention.

### 3. *Avoiding piecemeal litigation*

" 'Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.' " *Gannett*, 286 F.3d at 744 (quoting *American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir.1988)). Daugherty contends that this court should abstain in order to avoid the risk of inconsistent verdicts. Daugherty further argues that a key issue in both proceedings is whether National performed its obligation to DMC. This issue is an element of National's claim and a defense alleged by Daugherty in this proceeding, as well as the basis for DMC's claim for damages against National in the Tennessee suit.

"The threat of inconsistent results and the judicial inefficiencies inherent in parallel breach of contract litigation, however, are not enough to warrant abstention." *Id.* (citing *Gordon v. Luksch*, 887 F.2d 496, 497–98 (4th Cir.1989)). "[F]or abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill suited for resolution in duplicate forums." *Id.* Daugherty has not alleged that retention of jurisdiction would create inefficiencies beyond those already present in parallel litigation. Nor has Daugherty shown that there is anything in this litigation that would make duplicative proceedings exceptionally problematic. Both actions involve allegations of breach of contract. Nothing about these claims, however, appears to make their resolution so difficult as to preclude the claims from being resolved in parallel proceedings. Accordingly, because the threat of piecemeal litigation is not ex-

traordinarily present, this factor weighs in favor of the court exercising its jurisdiction.

■ Daugherty further argues that under North Carolina statutory law he, as a guarantor, may demand that National diligently pursue its remedy against DMC, the principal debtor, to exhaustion before seeking recovery against him. Section 26–7 of the North Carolina General Statutes provides:

> After any note, bill, bond, *or other obligation* becomes due and payable, any surety, indorser, *or guarantor* thereof may give written notice to the holder or owner of the obligation requiring him to use all reasonable diligence to recover against the principal and to proceed to realize upon any securities which he holds for the obligation.

N.C. Gen.Stat. § 26–7 (2002) (emphasis added). Daugherty has made such a demand and now contends that the appropriate action for this court to take in view of this statutory protection is to abstain from exercising jurisdiction.

Application of this statute, however, does not dictate that a court should abstain from exercising its jurisdiction. Daugherty has cited no authority for his position nor has the court been able to locate North Carolina authority to the contrary. This statute, while it provides guarantors with certain protections, does not protect them from litigation in the event that the creditor fails to exhaust his remedies against the principal. Rather, the statutory scheme created by the North Carolina legislature permits a court to discharge the obligation of the guarantor to the extent that he is prejudiced by the creditor's delay in proceeding against the principal. *See* N.C. Gen.Stat. § 26–9; *Federal Land Bank of Columbia v. Lieben,* 89 N.C.App. 395, 366 S.E.2d 592 (1988). Accordingly, this statutory protection does not factor into the court's decision.

### 4. *Order in which jurisdiction was obtained*

The Supreme Court has advised that for purposes of *Colorado River* abstention, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[1] *Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. 927. The Tennessee action was filed on July 19, 2002. The present action was filed on September 5, 2002, in state court and subsequently removed to this court on September 25, 2002. Discovery in the Tennessee action has already commenced. Daugherty contends that more than 8,000 documents have been produced by National and more than 7,000 documents have been produced by DMC. These documents have not been exchanged, however, due to National's request for a protective order based on the alleged confidentiality of its documents. In contrast, this proceeding is still in the early stages of litigation. National and Daugherty have agreed to a Rule 26(f) Report, but discovery has not commenced. The Tennessee action was filed prior to this action, and substantial

---

1. Daugherty argues that the court should apply the "first-filed" rule. Under the first-filed rule, priority is given to the first suit filed in the absence of a showing that the balance of convenience sways in favor of the later-filed suit. *Ramsey Group, Inc. v. EGS Int'l, Inc.,* 208 F.R.D. 559, 564 (W.D.N.C.2002) (citing *The Learning Network, Inc. v. Discovery Communications, Inc.,* No. 01–1202, 2001 WL 627618, at *3 (June 7, 2001)). This rule, however, applies only to situations involving two federal courts. *See generally* 17 James Wm. Moore *et al., Moore's Federal Practice* § 111.13[1][o][ii] (Matthew Bender 3d ed.2002). Accordingly, the application of the first-filed rule in the context of a state and federal proceeding would be inappropriate.

discovery has already been conducted in the Tennessee action while no discovery has been conducted in this proceeding. Thus, this factor weighs in favor of abstention.

### 5. *Whether federal law is implicated*

Both the Tennessee action and this action involve questions arising under state law. No issues of federal law are present, and resolution of these proceedings will turn on either Tennessee or North Carolina law. That state law is implicated "do[es] not weigh in favor of abstention." *Gordon v. Luksch,* 887 F.2d 496, 498 (4th Cir.1989). Federal courts sitting in diversity jurisdiction "regularly grapple with questions of state law, and abstention on the basis of the presence of state law, without more, would undermine diversity jurisdiction." *Gannett,* 286 F.3d at 747 (citing *Evans Transp. Co. v. Scullin Steel Co.,* 693 F.2d 715, 717 (7th Cir.1982)). Thus, because there are no issues of federal law present in either proceeding, this factor weighs against abstention.

### 6. *Whether the state court proceedings are adequate to protect the parties' rights*

The adequacy of state court proceedings to protect the parties' rights can be used only in "rare circumstances" to justify *Colorado River* abstention. *Id.* at 746 (citing *Moses H. Cone,* 460 U.S. at 26, 103 S.Ct. 927). This factor is typically used to "justify retention of jurisdiction where an important federal right is implicated and state proceedings may be inadequate to protect the federal right." *Id.; see also Ryan v. Johnson,* 115 F.3d 193, 200 (3d Cir.1997) ("When the state court is adequate, however, th[is] factor carries little weight."); *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,* 800 F.2d 325, 328 (2d Cir.1986) ("[The adequacy of the state forum], like choice of law, is more impor-

tant when it weighs in favor of federal jurisdiction. It is thus of little weight here."). Daugherty states that "[t]he Tennessee action is ... adequate to protect [his] rights, as the guarantor." (Mem. Supp. Mot. Dismiss or Stay at 6.) He further states that because National "must prove that it performed its contractual obligation to [DMC] before it can recover from DMC or Daugherty, a finding that National Textiles breached its contract with DMC will preclude recovery not only against DMC but against Daugherty as the guarantor of DMC's debt." (*Id.* at 6–7.) Therefore, because the Tennessee action will adequately protect Daugherty's rights, this factor weighs in favor of abstention although it carries little weight in the court's ultimate determination.

## CONCLUSION

The decision of a district court to abstain from the exercise of its jurisdiction is the exception to the general rule that a court has a "virtually unflagging obligation ... to exercise the jurisdiction given [it]." *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236. A court should abstain only if "exceptional circumstances" warranting abstention exist. Of the factors identified by the Supreme Court to guide the court's analysis, only the order of jurisdiction and the adequacy of the state court proceedings, which is given little weight when the state forum is adequate, weigh in favor of abstention. The other factors considered by the court all weigh in favor of exercising jurisdiction. Accordingly, after careful consideration and balancing of all the relevant factors, the court finds that the exceptional circumstances warranting abstention do not exist, and the court will therefore deny Daugherty's motion to dismiss or, in the alternative, to stay this proceeding.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

582

## ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendant's motion [Doc. # 8] to dismiss or, in the alternative, to stay this proceeding is **DENIED.**