**FLANDERS FILTERS, INC., Plaintiff,**

v.

**INTEL CORPORATION and Conap, Inc., Defendants.**

**No. 4:99–CV–93–H(3).**

United States District Court, E.D. North Carolina, Eastern Division.

Jan. 3, 2000.

Herman E. Gaskins, Jr., Washington, NC, Michael T. Medford, Manning, Fulton & Skinner, Raleigh, NC, for Flanders Filters, Inc., plaintiff.

Allen H. Gwyn, Conner Gwyn Schenck PLLC, Greensboro, NC, for Intel Corporation, defendant.

Kurt E. Lindquist, II, McGuire, Woods, Battle & Boothe, Charlotte, NC, for Conap, Inc., defendant.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on defendant Intel Corporation's ("Intel") motion to dismiss or in the alternative to stay plaintiff's action. Plaintiff has responded to Intel's motion to dismiss; therefore, this matter is ripe for ruling.

### STATEMENT OF THE CASE

This conflict arises out of a contract[1] between Intel and plaintiff, Flanders Filters Inc. ("Flanders"), whereby Flanders agreed to sell Intel high efficiency particulate air filters for use in Intel's Israel and Ireland construction plants. Intel rejected certain shipments of the filters as defective and refused to pay Flanders for them. Intel sued Flanders in Arizona state court in October 1998, alleging

---

1. The contract between Intel and Flanders contains a choice of laws clause selecting California law to govern the contract.

breach of contract, breach of implied warranty of merchantability and breach of implied warranty of fitness for particular purpose. Flanders counterclaimed, alleging breach of contract. Flanders alleges three causes of action in this federal suit: (1) breach of contract by Intel; (2) declaratory judgment as to Flanders' liability to Intel; and, (3) breach of contract and warranty by Conap, Inc. ("Conap"). Flanders asserts that if it is liable to Intel for breach of contract, then Conap, Inc. ("Conap"), the maker of the polyurethane in the filters, is liable to Flanders.

The suit in Arizona has been ongoing for over a year and the parties have exchanged more than 5,000 documents. Flanders filed the instant action on June 24, 1999, but did not serve the complaint on Intel until after Flanders argued to the Arizona state court judge that he should dismiss the Arizona action in favor of this federal action. After the Arizona state court judge denied Flanders' motion, Flanders served the complaint on Intel. Flanders contends that because Conap is not subject to personal jurisdiction in Arizona it filed this action in order to obtain a forum in which all three interested parties, Flanders, Intel and Conap, could resolve their dispute at the same time.

Intel insists that the court should abstain from and dismiss Flanders' federal lawsuit. Both parties agree that certain issues raised by the Arizona state action are identical to certain issues raised in the federal action. The only pending issue before the court is whether the court should abstain from this action under the *Colorado River* doctrine.

## COURT'S DISCUSSION

██ A district court has the duty to adjudicate controversies brought before it and within its jurisdiction. *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct.

1236, 47 L.Ed.2d 483 (1976). Only in exceptional circumstances may the court abstain from deciding a controversy. *See id.* In *Colorado River,* the Supreme Court outlined four categories in which federal court abstention is appropriate: (1) federal constitutional issues that a state court may moot by its application of state law (Pullman Abstention); (2) difficult questions of state law implicating state public policy and transcending the result of the case (Burford Abstention); (3) invoking federal court jurisdiction to restrain civil or criminal proceedings (Younger Abstention)[2]; and (4) parallel proceedings in state and federal court constituting exceptional circumstances for abstaining from deciding a case (Colorado River Abstention). *See id.; see also Skipper v. Hambleton Meadows Architectural Review Comm.,* 996 F.Supp. 478, 481 (D.Md.1998) (outline of abstention categories). Only *Colorado River* abstention applies to this case.

### The Colorado River Abstention Doctrine

*Colorado River* is a narrow limited exception to the general rule that the "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McLaughlin v. United Virginia Bank,* 955 F.2d 930, 934 (1992). Congress has prescribed the jurisdiction of Article III courts and courts may only abstain from exercising that jurisdiction in extraordinary circumstances. *See id.* The task of the district court is to determine if extraordinary circumstances exist, *see id.,* by first considering whether parallel duplicative proceedings are present in federal and state court. If they are, then the court must determine whether certain nonexclusive factors counsel in favor of or against abstention. *See* 955 F.2d at 934–35.

---

**2.** The Fourth Circuit recognized the applicability of the *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) abstention doctrine to civil cases in *Martin Marietta v. Maryland Com'n on Human Rel.,* 38 F.3d 1392 (4th Cir.1994).

## I. Parallel Proceedings

■ Parallel proceedings exist if "substantially the same parties litigate substantially the same issues in different forums." *Id.* at 935, (citing *New Beckley Mining Corp. v. International Union, UMWA,* 946 F.2d 1072, 1073 (4th Cir.1991)). However, actions that are virtually identical may not be parallel if they raise different issues or seek different remedies. *See id.* Flanders insists that the proceeding in Arizona and the proceeding in this court are not parallel because of the addition of Conap as a defendant. Otherwise, the two actions are exactly parallel.

In support of its position that the inclusion of Conap destroys parallelism, Flanders relies on *McLaughlin v. United Virginia Bank,* 955 F.2d 930 (4th Cir.1992). *McLaughlin* involved twelve separate lawsuits, four of which were still pending when McLaughlin filed suit in federal court. The district court found that the pending cases were substantially similar to the federal lawsuit and dismissed the federal action. Judge Niemeyer, writing for the panel, reversed the district court's dismissal observing that, "the district court appears to have taken into account state proceedings were no longer in existence or which encompassed claims different from those in the federal action." *Id.* at 935. When read in context, there is no indication from *McLaughlin* that the simple addition of another defendant will destroy parallelism.

■ Flanders' claim against Conap will arise only if it is determined that Flanders is liable to Intel. As explained in *North Carolina Life and Accident and Health Ins. Guar. Ass'n,* 876 F.Supp. 748, 755 (E.D.N.C.1995), additional claims dependent upon the determination of actions pending before state courts, will not destroy parallelism. Because the same parties are litigating substantially the same issues in this forum and in Arizona, the suits are parallel.

## II. Balancing of Non-exclusive Abstention Factors

■ Keeping in mind that abstention is the exception and not the rule, and that Intel bears the burden of establishing the exception, the court must determine if the factors established by the Supreme Court counsel for or against abstention. The non-exclusive factors include: (1) the court first having jurisdiction over a res; (2) inconvenience of the federal forum; (3) avoidance of piecemeal litigation; (4) order in which the suits were filed; (5) presentation of federal questions; (6) state court's ability to protect a party's rights; and, (7) if either suit was a " 'contrived, defensive reaction' to the other." *See McLaughlin,* 955 F.2d at 935; *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 26–28, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Jurisdiction over the res and source of law factors are not applicable to the dispute at bar.

### A. Inconvenience of the Federal Forum

Intel contends that because it has hired expert witnesses on the West Coast and has had bulky filters shipped to Arizona, this federal forum would be inconvenient. Unlike the inconvenience in *Colorado River* of hundreds of miles separating the state and federal courthouse, the parties are separated from the state and federal courthouse by thousands of miles. It is not unrealistic to envision a situation where a trial is ongoing in both Arizona and North Carolina at or near the same time, requiring the same evidence and witnesses. The distances involved in this possible eventuality would greatly inconvenience both parties. Intel has established that the federal forum is inconvenient, counseling in favor of abstention.

### B. Order of Filing, Protection of Parties' Rights and Piecemeal Litigation

The order in which the cases were filed implies that the court examine how much

progress has been made in each case. The Arizona state court proceedings are well into discovery with a trial date sometime in the spring of 2000.[3] While much discovery has taken place, no dispositive rulings have been made by the Arizona courts, other than denying Flanders' motion to dismiss the case in favor of this federal action. The extensive discovery and progress of the Arizona litigation counsels in favor of abstention.

Perhaps the most compelling reason to deny Intel's motion for abstention is the Arizona court's lack of personal jurisdiction over Conap. The lack of personal jurisdiction over Conap creates legitimate doubt that an order by the Arizona court will be enforceable against Conap and will necessitate a proceeding on issues possibly decided in Arizona but unenforceable against an important party. This court would abuse its discretion should it abstain from exercising jurisdiction when a doubt exists as to whether "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28, 103 S.Ct. 927. The protection of Flanders' rights counsels against abstention.

■ There is no doubt that the conduct of a lawsuit in North Carolina along with a suit in Arizona will be burdensome to all parties. However, the Fourth Circuit has determined that the avoidance of piecemeal litigation is to be narrowly construed. *See Gordon v. Luksch*, 887 F.2d 496, 497 (4th Cir.1989) ("Only in the most extraordinary circumstances ... may federal courts abstain from exercising jurisdiction in order to avoid piecemeal litigation.") Any parallel proceeding will necessarily involve duplicative litigation, however, the mere existence of duplicative litigation does not create the exceptional circumstances required to justify abstention, *see Spring City Corp. v. American Buildings Co.*, 193 F.3d 165, 171–72 (3rd Cir.1999), and the court can solve any forum shopping problems that may develop by resorting to Federal Rules of Civil Procedure 11 and 37. Piecemeal litigation alone does not weigh heavily in favor of abstention, but when coupled with the other factors already discussed, counsels in favor of abstention.

**C. Contrived Defensive Suit**

Intel filed the Arizona action over one year ago and since then, much discovery has taken place. While Flanders' desire to obtain personal jurisdiction over Conap in North Carolina justifies the filing of this action, the circumstances suggest a reactive lawsuit to Intel's Arizona suit. Flanders filed this action in June 1999 at the time it moved to dismiss the Arizona action. Not until after losing the motion to dismiss in August 1999 did Flanders serve Intel with the complaint. The apparent reactive nature of the federal suit weighs in favor of abstention.

■ After balancing the factors relevant to this court's abstention determination and keeping in mind that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited" than when federal-state relations are at issue, the court finds that it should not abstain from this action to the point of dismissal. *Moses H. Cone*, 460 U.S. at 15, 103 S.Ct. 927. Accordingly, Intel's motion to dismiss this action is DENIED.

While the court does not find that dismissal is appropriate, this action is unique as compared to most *Colorado River* abstention cases in that granting a stay will not in effect dismiss the case should Intel prevail in the Arizona lawsuit. The resolution of the Arizona suit will end the dispute between Flanders and Intel and will define the parameters of Flanders' derivative indemnification action against Conap. However, should Flanders prevail in the

---

**3.** Flanders contends that it is unlikely that the case will go to trial by this time.

**674**

Arizona suit, this federal case will be moot. Therefore, to avoid unnecessary duplicative litigation and conserve judicial resources, Intel's alternative motion for a stay is GRANTED.

## CONCLUSION

For the above stated reasons, Intel's motion to dismiss is DENIED and Intel's motion to stay is GRANTED. Intel is directed to file a status report on the progress of the Arizona litigation on or before March 31, 2000.