Filed: April 30, 2002

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————————

No. 01-2475
(CA-01-1447-A)

———————————

Gannett Company, Incorporated,

Plaintiff - Appellant,

versus

The Clark Construction Group, Incorporated,

Defendant - Appellee.

———————————

O R D E R

———————————

The court amends its opinion filed April 18, 2002, as follows:

On page 13, footnote 9, line 1 -- the phrase "jurisdiction or res factor" is corrected to read "jurisdiction over res factor."

For the Court - By Direction

                              /s/ Patricia S. Connor
                                       Clerk

PUBLISHED

## UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

GANNETT COMPANY, INCORPORATED,
  *Plaintiff-Appellant,*

  v.                                        No. 01-2475

THE CLARK CONSTRUCTION GROUP,
INCORPORATED,
  *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-01-1447-A)

Argued: February 28, 2002

Decided: April 18, 2002

Before WILLIAMS and KING, Circuit Judges, and
Andre M. DAVIS, United States District Judge for the
District of Maryland, sitting by designation.

_____

Reversed and remanded by published opinion. Judge Williams wrote
the opinion, in which Judge King and Judge Davis joined.

_____

### COUNSEL

**ARGUED:** Philip John Harvey, VENABLE, BAETJER & HOW-
ARD, L.L.P., McLean, Virginia, for Appellant. Robert Milton Moore,
MOORE & LEE, L.L.P., McLean, Virginia, for Appellee. **ON
BRIEF:** David G. Lane, Christine M. McAnney, VENABLE, BAET-

JER & HOWARD, L.L.P., McLean, Virginia, for Appellant. Charlie
C.H. Lee, Richard O. Wolf, MOORE & LEE, L.L.P., McLean, Virginia; E. Mabry Rogers, Walter J. Sears, Arlan D. Lewis, BRADLEY,
ARANT, ROSE & WHITE, L.L.P., Birmingham, Alabama, for Appellee.

_____

## OPINION

WILLIAMS, Circuit Judge:

Gannett Company, Inc. (Gannett) filed this diversity jurisdiction action against Clark Construction Group, Inc. (Clark) in the United States District Court for the Eastern District of Virginia, alleging breach of contract. The district court abstained from exercising jurisdiction, applying the doctrine of *Colorado River Water Consv. Dist. v. United States*, 424 U.S. 800, 813 (1976), which allows a district court to abstain where parallel litigation exists in federal and state court and exceptional circumstances warrant abstention.[1] Upon reviewing the district court's decision to abstain for abuse of discretion, we conclude that the district court misapplied several of the *Colorado River* factors and that exceptional circumstances do not justify abstention in this case. Accordingly, we reverse and remand.

### I.

Clark entered into a contract with Gannett to build Gannett's new USA Today headquarters complex in McLean, Virginia. Under the terms of the contract, Clark was required to complete the project substantially by June 17, 2001, and to complete the project finally by August 8, 2001. Clark claims that it met these deadlines and that Gannett breached the contract by failing to pay Clark for its work. Gannett, by contrast, argues that Clark did not meet the deadlines and that Gannett has suffered damages as a result of Clark's failure to complete the work in a timely fashion.

_____

[1] "Although not technically a doctrine of abstention, the *Colorado River* doctrine has become known as such. . . ." *Al-Abood v. El-Shamari*, 217 F.3d 225, 232 n.3 (4th Cir. 2000).

In August 2001, Clark submitted to Gannett a request for payment for the work it had completed. The request included claims by eleven of Clark's subcontractors. Clark and Gannett were unable to reach an agreement as to the parties' respective obligations under the contract, and three separate proceedings followed.

On September 19, 2001, Gannett filed this federal action pursuant to diversity jurisdiction, alleging that Clark breached the contract (the Federal Contract Action). The next day, Clark filed a breach of con- tract action against Gannett in the Circuit Court for Fairfax County, Virginia (the State Contract Action). On October 10, 2001, Clark filed a bill of complaint against Gannett in the chancery division of the Cir- cuit Court for Fairfax County, Virginia to enforce an earlier-obtained mechanic's lien on the property underlying the contract dispute, the USA Today headquarters complex (the State Lien Action).

On October 29, 2001, Gannett filed motions in the State Contract Action and the State Lien Action to abate, or, in the alternative, to stay those actions pending resolution of Gannett's breach of contract claim in the Federal Contract Action. Two days later, Clark filed a motion in the Federal Contract Action to dismiss or, in the alternative, to stay, arguing that the district court should abstain from exercising jurisdiction pursuant to *Colorado River*. The district court denied the motion to dismiss[2] but granted the motion to stay.

Gannett filed a timely notice of appeal to this court. Thereafter, Clark amended its Bill of Complaint in the State Lien Action and joined as respondent-defendants in that action eleven subcontractors who had filed mechanic's liens against Gannett's property.

## II.

We begin with the premise that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813. As has been reiterated time and again, the federal courts have a "virtually unflagging obligation . . . to exercise the juris- diction given them." *Id.* at 817; *Quackenbush v. Allstate Ins. Co.*, 517

---

[2] Clark has not cross-appealed the district court's denial of its motion

to dismiss.

3

U.S. 706, 716 (1996); *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993); *Spann v. Martin*, 963 F.2d 663, 673 (4th Cir. 1992).

For a federal court to abstain under the *Colorado River* doctrine, two conditions must be satisfied. As a threshold requirement, there must be parallel proceedings in state and federal court. *Colorado River*, 424 U.S. at 813. Second, "exceptional circumstances" warranting abstention must exist. *Id.* Without establishing a rigid test, the Supreme Court has recognized several factors that are relevant in determining whether a particular case presents such exceptional circumstances: (1) jurisdiction over the property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law is implicated; and (6) whether the state court proceedings are adequate to protect the parties' rights. *Id.* at 818; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23, 26 (1983).

We review a district court's decision to abstain under *Colorado River* for abuse of discretion. *See New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1074 (4th Cir. 1991). "Of course, an error of law by a district court is by definition an abuse of discretion." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 150 (4th Cir. 2002). "Further, even if a district court applies the correct legal principles to adequately supported facts," a reviewing court is obliged to reverse if the "court has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (citation omitted). Accordingly, we will reverse the district court for abuse of discretion if the district court fails to "exercise its discretion in accordance with the *Colorado River* `exceptional circumstances test.'" *New Beckley*, 946 F.2d at 1074 (citation omitted); *see also Moses H. Cone*, 460 U.S. at 19 ("Yet to say that the district court has discretion is not to say that its decision is unreviewable; such discretion must be exercised under . . . *Colorado River*'s exceptional-circumstances test.").

4

A.

Gannett concedes that the district court correctly determined that the State Contract Action is parallel with the Federal Contract Action but argues that the State Lien Action is not parallel with the Federal Contract Action. The district court did not make any finding as to whether the State Lien Action and the Federal Contract Action were parallel.[3] Thus, we must determine de novo whether the State Lien

_____

[3] Clark argues that the district court implicitly held that the State Lien Action is parallel to the Federal Contract Action and that this finding was not an abuse of discretion. For support, Clark notes that the district court's order reflects that the district court "fully understood that there were three pending actions." (Appellee's Br. at 14.) While it is true that the district court clearly and fully understood that there were three pending actions, this fact cuts against Clark's position because, while the district court noted all three actions, it discussed only two of them. The court defined the "Federal Action" as the federal breach of contract action, the "State Action" as the state breach of contract action, and the mechanic's lien action as the "State Lien Action." (J.A. at 413-14.) When describing the issue presented by Clark, the district court stated that Clark "claims that the State Action presents almost identical facts and claims as the Federal Action." (J.A. at 417.) The district court then stated that Clark "asserts that the Court should dismiss or stay the instant action pending the outcome of the State Action." (J.A. at 417-18.) The district court ruled that the "Federal Action and the State Action are duplicative." (J.A. at 420.) No mention is made regarding whether the "State Lien Action" is duplicative of the other proceedings, and no indication is given that the district court was considering the question of whether the "State Lien Action" was duplicative of the "Federal Action." Thus, it is apparent that the district court failed to determine whether the State Lien Action is parallel to the Federal Contract Action.

Clark also argues that Gannett is judicially estopped from asserting that the State Lien Action is not parallel to the Federal Contract Action, pointing to prior representations by Gannett in the state proceedings in

which Gannett stated that the State Lien Action was parallel to the Federal Contract Action. Even assuming that the question of whether proceedings are parallel is subject to principles of estoppel or waiver, Clark has failed to demonstrate that any representations by Gannett regarding the parallel nature of the proceedings amounted to intentional deception for the purpose of gaining an unfair advantage. *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995) ("The `determinative factor' in the application of judicial estoppel is whether the party who is alleged to be estopped `intentionally misled the court to gain unfair advantage.'" (quoting *Tenneco Chems., Inc. v. William Burnett & Co.*, 691 F.2d 658, 665 (4th Cir. 1982)).

5

Action is parallel with the Federal Contract Action. *See, e.g.*, *Village of Westfield, N.Y. v. Welch's*, 170 F.3d 116, 121-22 (2d Cir. 1999) (recognizing that the appellate court has the authority to apply *Colorado River* test where the district court fails to do so in first instance).

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley*, 946 F.2d at 1073. Clark and Gannett are both parties to the Federal Contract Action and the State Lien Action. The Federal Contract Action and the State Lien Action, however, involve different issues with different requisites of proof. For example, the State Lien Action requires the equity court to ascertain the validity and amount of the underlying debt, *see, e.g.*, *York Fed. Savings & Loan v. Hazel*, 506 S.E.2d 315, 317 (Va. 1998), which involves demonstrating that a contract exists for the work performed. In this case, however, enforcement of the mechanic's lien is not dependent on questions of breach of contract, which will be resolved only through the separate breach of contract action, in that Clark and Gannett have not asserted their respective breach of contract claims in the State Lien Action.[4] *Cain v. Rea*, 166

---

[4] We note that it appears that the equity court in the State Lien Action possesses the power to resolve the breach of contract issues, in which case the State Lien Action arguably would be parallel to the Federal Contract Action, but neither Clark nor Gannett has sought such relief in the State Lien Action. Virginia recognizes a distinction between actions in equity and actions at law, *see generally Meade v. Meade*, 69 S.E. 330, 332 (Va. 1910) (discussing the division of law and equity), but the equity court may assume jurisdiction over all legal issues necessary to resolve a dispute. *Johnston & Grommett Bros. v. Bunn & Monteiro*, 62 S.E. 341, 342 (Va. 1908) ("[I]f it appears that the complainants are entitled to recover . . ., the court can proceed to give judgment in their favor for the amount due, although they may have failed to establish their right to a lien; it being well settled that, when a court of equity has once acquired jurisdiction of a cause upon equitable grounds, it may go on to a complete adjudication, even to the extent of establishing legal

rights and granting legal remedies which would otherwise be beyond the scope of its authority."); *Nagle v. Newton*, 63 Va. (22 Gratt.) 814, 825 (1872) ("[I]t is competent for the court having possessed itself of the subject by proper exercise of its [equity] jurisdiction, to do complete justice between the parties; and as ancillary to that purpose, may ascertain damages sustained by the defendant . . . .").

6

S.E. 478, 480 (Va. 1932) ("[The mechanic's lien action] does not arise out of, nor is it the essence of the contract for labor, nor dependent on the motives which suggest its being enforced."); Va. Code Ann. § 43-3(a) (Michie 1999) (providing that all persons "performing labor or furnishing materials" for the "construction, removal, repair or improvement" of any building may perfect a mechanic's lien); Va. Code Ann. § 43-22 (Michie 1999) (providing that a lien is enforced by filing a bill with an "itemized statement of his account, showing the amount and character of the work done or materials furnished, the prices charged therefor, the payments made, if any, the balance due, and the time from which interest is claimed thereon, the correctness of which account shall be verified by the affidavit of himself, or his agent").

Moreover, the actions seek different remedies. In the State Lien Action, Clark seeks a lien and foreclosure on the property, whereas in the Federal Contract Action, Gannett seeks compensatory damages for the alleged breach of contract. Clark concedes that it would not be fully compensated for its asserted damages by recovery in the State Lien Action; thus, Clark has asserted its own breach of contract claim against Gannett in the State Contract Action.[5] (Appellee's Br. at 4) ("Clark's mechanic's lien action against Gannett does not include all amounts owed by Gannett to Clark."). Because the issues and the sought-after relief in the Federal Contract Action and the State Lien Action are not substantially the same, the actions are not parallel proceedings. *See Al-Abood v. El-Shamari*, 217 F.3d 225, 232-33 (4th Cir. 2000) (holding that claims were not parallel for *Colorado River* purposes where they were predicated on common underlying facts but involved separate issues); *New Beckley*, 946 F.2d at 1074 ("A difference in remedies is a factor counseling denial of a motion to abstain."); *McLaughlin v. United Va. Bank*, 955 F.2d 930, 935 (4th Cir. 1992) (reversing abstention on the basis that the federal and state actions were not parallel where, "[i]n addition to party differences, it would appear that a breach of contract claim pending in the federal

---

[5] In the State Lien Action, Clark seeks recovery of approximately $11.2 million, whereas in the State Contract

Action, Clark seeks recovery of approximately $26.7 million. (Appellee's Br. at 28.) Clark has not asserted its breach of contract claim against Gannett in the Federal Contract Action.

7

case is not pending, nor has it ever been pending, in the state court
proceeding").

B.

As noted above, the Federal Contract Action and the State Contract
Action are parallel proceedings. Nevertheless, our inquiry is not at an
end. *See McLaughlin*, 955 F.2d at 934 ("Despite what may appear to
result in a duplication of judicial resources, the rule is well recognized
that the pendency of an action in the state court is no bar to proceed-
ings concerning the same matter in the Federal court having jurisdic-
tion." (internal quotation marks omitted)). Rather, even when a
federal action is parallel to a state action, only "exceptional circum-
stances" justify a federal court in avoiding its "virtually unflagging
obligation . . . to exercise the jurisdiction given [it]." *Colorado River*,
424 U.S. at 817. Accordingly, we next must consider whether the dis-
trict court abused its discretion in finding that "exceptional circum-
stances" warranted abstention.

The district court's determination that exceptional circumstances
warranted abstention was premised primarily upon four factors: the
possibility of piecemeal litigation that would result from retaining
jurisdiction, the fact that the claim solely involved Virginia law, the
fact that the circuit court was able to provide adequate relief, and the
circuit court's jurisdiction over the property. We first address each of
these factors and then turn to Gannett's contentions regarding the
remaining *Colorado River* factors. In conducting this review, we note
that "[t]he decision whether to dismiss a federal action because of par-
allel state-court litigation does not rest on a mechanical checklist, but
on a careful balancing of the important factors as they apply in a
given case, with the balance heavily weighted in favor of the exercise
of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

1. <em>Piecemeal Litigation</em>

The district court found that the danger of piecemeal litigation was
the "most significant[ ]" factor warranting abstention. "Piecemeal liti-
gation occurs when different tribunals consider the same issue,
thereby duplicating efforts and possibly reaching different results."

*American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843
F.2d

8

1253, 1258 (9th Cir. 1988). The threat of inconsistent results and the judicial inefficiency inherent in parallel breach of contract litigation, however, are not enough to warrant abstention. *See Gordon v. Luksch*, 887 F.2d 496, 497-98 (4th Cir. 1989) ("Only in the most extraordinary circumstances . . . may federal courts abstain from exercising jurisdiction in order to avoid piecemeal litigation. It follows that because of the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them, pendency of an action in state court by itself does not bar proceedings in federal court.") (internal citations and quotation marks omitted); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 16 (1st Cir. 1990) ("[*Colorado River* abstention] is not warranted simply because related issues otherwise would be decided by different courts, or even because two courts otherwise would be deciding the same issues. As noted above, something more than a concern for judicial efficiency must animate a federal court's decision to give up jurisdiction."). Instead, for abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill-suited for resolution in duplicate forums. *See, e.g.*, *Moses H. Cone*, 460 U.S. at 16 (noting that "[b]y far the most important factor in our decision to approve the dismissal there was the clear federal policy . . . [of] avoidance of piecemeal adjudication of water rights in a river system, as evinced in the McCarran Amendment." (internal citations and quotation marks omitted)); *Luksch*, 887 F.2d at 497-98; *Villa Marina*, 915 F.2d at 13, 16.

Clark argues that the district court properly abstained because inefficiencies would result from the district court's retention of jurisdiction. Clark has not demonstrated, however, that retention of jurisdiction exacerbates the inefficiencies of this litigation beyond those inefficiencies inherent in duplicative proceedings. As outlined above, regardless of abstention, Clark's breach of contract claim will be resolved in a separate proceeding from its mechanic's lien claim.[6]

_____

[6] Although Clark indicated to the district court that it would seek to consolidate the two state court proceedings and stated at oral argument that "consolidation is a possibility," Clark has not sought consolidation, *see supra* note 5. Even assuming the district court was justified in relying

9

There is no reason that the state court is better suited to resolve the contract dispute between Clark and Gannett than is the federal court.

*Moses H. Cone*, 460 U.S. at 20-21 (holding that danger of piecemeal litigation did not justify abstention because federal court was as well-suited to resolve the question of arbitrability as was the state court — claims possibly would have to be resolved in two state forums regardless of whether federal court retained jurisdiction). Moreover, Clark has disavowed any argument that breach of contract actions generally should not be resolved through duplicative proceedings.

Clark next argues that, even assuming that the inherent inefficiency of duplicative litigation does not support abstention in this case, the fact that its subcontractors are not parties in the Federal Contract Action weighs in favor of abstention because the subcontractors would not be bound by the Federal Contract Action, creating the possibility of inconsistent results. *Cf. Am. Bankers Ins. Co. v. First State Ins. Co.*, 891 F.2d 882, 885 (11th Cir. 1990) (holding that the presence of an additional party in state court weighs slightly in favor of abstention because piecemeal litigation may result). The fact that the subcontractors are not parties to the Federal Contract Action, however, does not warrant abstention because they also are not parties to the State Contract Action. Consequently, they would not be bound by the result in either the State Contract Action or the Federal Contract Action. Thus, contrary to Clark's assertions, retention of jurisdiction in the Federal Contract Action does not result in a greater possibility of inconsistent results than are otherwise inevitable, given the current procedural posture of this litigation.[7] Indeed, it appears that the dis-

---

upon Clark's assurances regarding consolidation in deciding to abstain, we must address whether abstention is appropriate based upon the current posture of the state court actions. *Cf. Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 697 n.4 (7th Cir. 1985) (holding that the reviewing court in a *Colorado River* abstention case is not limited to the information available at the time of the district court's order and opinion; instead, the reviewing court should "look at the total situation as it stands at the time of the appeal").

[7] In light of our conclusion that the State Lien Action is not parallel to
the Federal Contract Action, we need not address whether the possibility
of inconsistent results between those actions justifies abstention. We

10

trict court could obtain jurisdiction over the subcontractors if Clark chose to implead the contractors pursuant to Federal Rule of Civil Procedure 14.[8] *See* Fed. R. Civ. P. 14(a) (permitting a defendant to implead a person "who is or may be liable" to the defendant); 28 U.S.C.A. § 1367(b) ("the district courts shall not have [supplemental] jurisdiction under subsection (a) over claims *by plaintiffs* against persons made parties under Rule 14 . . ." (emphasis added)). Accordingly, the fact that the subcontractors are not currently parties in the Federal Contract Action does not weigh in favor of abstention.

Finally, the district court stated that abstention was appropriate because "decisions in the concurrent federal and state suits for breach of contract might render different outcomes . . . ." (J.A. at 424.) The threat of different outcomes in these breach of contract actions, however, is not the type of inconsistency against which abstention is

_____

note, however, that the threat of piecemeal litigation would not be increased were we to conclude that the State Lien Action is parallel to the Federal Contract Action because, although the subcontractors have been joined as defendants in the State Lien Action, this joinder is insufficient to enforce the subcontractors' claims under Virginia's mechanic's lien statute. *Isle of Wight Materials Co. v. Cowling Bros.*, 431 S.E.2d 42, 44 (Va. 1993) ("Merely being named as a defendant in an enforcement action of another lienor is not the equivalent of either filing an independent suit or intervening in the suit of another."). Thus, under Virginia law, the subcontractors will have to bring their enforcement actions separately or join as plaintiffs in Clark's enforcement action. *Id.* Accordingly, given the current posture of the case, the threat of inconsistent results would not be alleviated by abstention, even if the State Lien Action and the Federal Contract Action were parallel proceedings.

[8] At oral argument, Clark contended that Federal Rule of Civil Procedure 11 would bar it from impleading its subcontractors. We disagree. Gannett currently has a breach of contract action pending against Clark, and, if Gannett is able to establish any breach by Clark, appropriate subcontractors may be liable in whole or in part to Clark for

that breach. As Clark concedes, at this stage, it is impossible to determine which subcontractors could be found liable for any breach established by Gannett. Thus, Rule 11 would permit Clark to implead all of its subcontractors on the basis that each "may be" liable to Clark if it is found liable to Gannett. Fed. R. Civ. P. 14(a).

11

designed to protect, in that Gannett and Clark are both parties to the Federal and State Contract Actions; thus, res judicata effect will be given to whichever judgment is rendered first. *Quackenbush*, 517 U.S. at 713. Insofar as abstention does not lessen the threat of ineffi-ciency or inconsistent results beyond those inherent in the duplicative nature of these proceedings and there is nothing in the nature of breach of contract actions that renders the fact of duplicative proceed-ings exceptionally problematic, the district court abused its discretion by determining that the possibility of piecemeal litigation weighs in favor of abstention.

### 2. *Whether State Or Federal Law Is Implicated And Whether The State Court Proceedings Are Adequate To Protect The Parties' Rights*

The district court also found that the presence of state law and the fact that the state court proceedings were adequate to protect Clark's and Gannett's rights weighed in favor of abstention. The district court stated that "there is nothing special in the relief requested that requires that the case be litigated in federal court," noting that "Virginia law alone governs." (J.A. at 425, 426 (citation omitted).)

Although the district court is correct insofar as it suggests that "[f]ederal courts abstain out of deference to the paramount interests of another sovereign, and the concern is with principles of comity and federalism," *Quackenbush*, 517 U.S. at 723, the Supreme Court has made clear that the presence of state law and the adequacy of state proceedings can be used only in "rare circumstances" to justify *Colo-rado River* abstention. *See Moses H. Cone*, 460 U.S. at 26. Instead, these factors typically are designed to justify retention of jurisdiction where an important federal right is implicated and state proceedings may be inadequate to protect the federal right, *id.*, or where retention of jurisdiction would create "needless friction" with important state policies, *Quackenbush*, 517 U.S. at 717-18 (explaining the historic framework for abstention and noting that the Supreme Court's absten-tion jurisprudence "reflect[s] a doctrine of abstention appropriate to our federal system, whereby the federal courts, exercising a wise dis-cretion, restrain their authority because of scrupulous regard for the

rightful independence of the state governments and for the smooth
working of the federal judiciary." (internal quotation marks
omitted)).

12

That state law is implicated in this breach of contract action "do[es] not weigh in favor of abstention, particularly since both parties may find an adequate remedy in either state or federal court." *Luksch*, 887 F.2d at 498; *see also Black Sea Investment Ltd. v. United Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000) (noting that these factors only rarely can be used to support abstention); *Ryan v. Johnson*, 115 F.3d 193, 200 (3d Cir. 1997) ("When the state court is adequate, however, th[is] factor carries little weight."); *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986) ("[The adequacy of the state forum], like choice of law, is more important when it weighs in favor of federal jurisdiction. It is thus of little weight here."). Moreover, in a diversity case, such as this one, federal courts regularly grapple with questions of state law, and abstention on the basis of the presence of state law, without more, would undermine diversity jurisdiction. *Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717 (7th Cir. 1982) ("[U]ntil Congress decides to alter or eliminate the diversity jurisdiction we are not free to treat the diversity litigant as a second-class litigant, and we would be doing just that if we allowed a weaker showing of judicial economy to justify abstention in a diversity case than in a federal-question case."). Thus, the district court abused its discretion by concluding that the presence of Virginia law and the fact that the dispute adequately could be litigated in state court militated in favor of abstention.

### 3. *Jurisdiction Over The Property*

In analyzing the last factor as one weighing in favor of abstention, the district court concluded that the state court has jurisdiction over the property, apparently basing this conclusion on the fact that the State Lien Action is an in rem action. As noted above, however, the district court did not rule that the State Lien Action is parallel to the Federal Contract Action, *supra* at 5 & n.3, and we have concluded that the State Lien Action is not parallel. Therefore, the district court erred by referencing the State Lien Action in its "exceptional circumstances" analysis. Moreover, both the State Contract Action and the Federal Contract Action are in personam proceedings; thus, neither of

the parallel proceedings has jurisdiction over the property. Accord-
ingly, this factor weighs against abstention.[9]

_____

[9] Related to the jurisdiction over res factor of the *Colorado River* doctrine is the *Princess Lida* doctrine, *see Princess Lida of Thurn & Taxis*

13

### 4. *Order of Priority And Reactive Nature of Filings*

Finally, Gannett contends that the district court did not properly take into account the order in which jurisdiction was obtained or the reactive nature of the state court filings as factors weighing in favor of retaining jurisdiction. The Supreme Court has emphasized that the order of filing should be viewed pragmatically, meaning that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Because the State Contract Action was filed within a day of the Federal Contract Action and both had progressed at similar paces, the district court correctly found that this factor does not weigh heavily in favor of abstention.[10] *See Colorado River*, 424 U.S. at 820 (concluding that abstention was appropriate even though the federal suit was filed first); *Kruse v. Snowshoe*, 715 F.2d 120, 124 (4th Cir. 1983) (noting that the district court did not abuse its discretion in declining to abstain where state

---

*v. Thompson*, 305 U.S. 456, 465-66 (1939), which holds that a federal court may not exercise jurisdiction when granting the relief sought would require the court to control property over which another court already has jurisdiction. The *Princess Lida* doctrine is inapplicable, however, because the Federal Contract Action is an action entirely for money damages. *See, e.g.*, *Al-Abood v. El-Shamari*, 217 F.3d 225, 232 (4th Cir. 2000) (holding that the *Princess Lida* doctrine does not apply where the federal action "does not depend on or involve exercising jurisdiction over th[e] res").

[10] The district court held that this factor was "neutral" and did not weigh either for or against abstention. In the context of *Colorado River* abstention, however, it is inaccurate to state that this factor is of no weight. As the *Moses H. Cone* Court emphasized, "our task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist `exceptional' circumstances, the`clearest of justifications,' . . . to justify the surrender of jurisdiction." *Moses H. Cone*, 460 U.S. at 25-26. Thus, although this factor does not weigh heavily in

favor of exercising federal jurisdiction, it counsels against abstention. *See, e.g., Murphy v. Uncle Ben's Inc.*, 168 F.3d 734, 738-39 (5th Cir. 1999) (holding that where the state and federal suits are proceeding at similar paces, this factor weighs against abstention).

14

and federal actions were filed within two days of one another and similar progress had been made in each). Similarly, the district court did not abuse its discretion in determining that the state court filings were not vexatious or reactive.

## III.

In sum, while legitimate concerns stemming from the important principles of comity and federalism certainly will weigh in favor of abstention in another case, none of these concerns, reflected in the *Colorado River* factors, weigh in favor of abstention in this case. We are mindful that the task in a *Colorado River* abstention case is "to ascertain whether there exist exceptional circumstances, the clearest of justifications, . . . to justify the surrender of jurisdiction." *Moses H. Cone*, 460 U.S. at 25-26 (internal quotation marks omitted). Because no factor or combination of factors in this case gives rise to "exceptional circumstances, the clearest of justifications," warranting abstention, we are left with a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors," *Westberry*, 178 F.3d at 261, and failed to "exercise its discretion in accordance with the *Colorado River* `exceptional circumstances test.'" *New Beckley*, 946 F.2d at 1074 (citation omitted). Were we to affirm in this case, virtually all cases involving parallel litigation would warrant abstention under *Colorado River*, a result that is foreclosed by Supreme Court precedent. Accordingly, we reverse the district court's judgment staying the action and remand for the district court to reinstate proceedings consistent with this opinion.

*REVERSED AND REMANDED*

15