**MARK W. DAVIES, Plaintiff**

**v.**

**HANSEN BAY INVESTORS, LLC, Defendant**

**HANSEN BAY INVESTORS, LLC, Defendant and Third-Party Plaintiff**

**v.**

**ESTATE HANSEN BAY HOMEOWNERS' ASSOCIATION, INC., Third-Party Defendant**

**HANSEN BAY INVESTORS, LLC, Defendant and Counterclaim-Plaintiff**

**v.**

**MARK W. DAVIES, Plaintiff and Counterclaim-Defendant**

Civil No. 2007-145

District Court of the Virgin Islands

St. Thomas and St. John Division

March 20, 2008

STEVEN HOGROIAN, ESQ., St. John, U.S.V.I., *For the plaintiff and counter-claim defendant Mark W. Davies.*

J. DARYL DODSON, ESQ., St. Thomas, U.S.V.I., *For the defendant, third-party plaintiff and counterclaim plaintiff Hansen Bay Investors, LLC.*

NANCY D'ANNA, ESQ., St. John, U.S.V.I., *For third-party defendant Estate Hansen Bay Homeowners' Association, Inc.*

GÓMEZ, *Chief Judge*

## MEMORANDUM OPINION AND ORDER

(March 20, 2008)

Before the Court is the motion of defendant and third-party plaintiff Hansen Bay Investors, LLC ("HBI") to dismiss this matter or, in the alternative, to stay this matter.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Mark W. Davies ("Davies") commenced this two-count debt and foreclosure action against HBI in December, 2007.[1] Davies alleges that HBI is the title holder to two parcels of real property (the "Properties") on St. John, U.S. Virgin Islands. Davies further alleges that HBI executed and delivered to Davies a mortgage note in the amount of $2,250,000 (the "Note"). The Note was later amended (the "Amended Note"). According to the complaint, as collateral for the Note and the Amended Note, HBI executed a mortgage in favor of Davies in the amount of $2,250,000 (the "Mortgage"). Davies alleges that HBI is in default on payments due under the Amended Note and the Mortgage.

HBI has counterclaimed against Davies. HBI has also asserted a third-party claim against Estate Hansen Bay Homeowners' Association, Inc. (the "Association").

HBI now seeks to dismiss or stay this matter pursuant to the abstention doctrine articulated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).

## II. ANALYSIS

HBI contends that this matter should be dismissed or stayed because of an allegedly parallel proceeding in the Superior Court of the Virgin Islands. According to HBI, Davies executed and delivered to HBI a warranty deed (the "Warranty Deed") to the Properties on October 6, 2005. HBI further contends that the Warranty Deed granted an easement to HBI to use certain road parcels (the "Road Parcels"). HBI asserts that the Road Parcels, despite the Warranty Deed, have been challenged by the Association. HBI alleges that, despite its demand, Davies has not honored his obligations under the Warranty Deed by resolving the dispute over the Road Parcels. Consequently, HBI commenced an action in the Superior Court against the Association and Davies.[2] HBI asserts that it has made several unsuccessful attempts to serve Davies in the Superior Court action. HBI further argues that Davies has filed the above-captioned

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

[2] HBI's claims against the Association and Davies in the Superior Court action are the same as those in the HBI's counterclaim in the above-captioned action.

matter "to handicap HBI by vexatiously multiplying litigation . . . ." (Def.'s Mot. to Dismiss or Stay 5.) HBI contends that both the Superior Court action and the matter before this Court trigger the *Colorado River* abstention doctrine, and thus that dismissal or a stay is warranted.

 Federal district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. Federal district courts may abstain from hearing cases and controversies only under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at 813 (internal quotations omitted). "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," *id.* at 817 (internal quotations omitted), "although there are certain categories of cases in which abstention is proper." *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 305 (3d Cir. 2006).

██ Under *Colorado River*, abstention is proper in three situations:

> (1) cases that present federal constitutional issues that might be mooted or presented in a different posture by a state court determination of pertinent state law; (2) cases that present difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case then at bar; and (3) cases in which federal jurisdiction has been invoked for the purpose of restraining valid, good faith state criminal proceedings.

*Id.* (internal quotations and citations omitted). "*Colorado River* also recognized a fourth category of cases in which abstention might be proper out of respect for 'considerations of [wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting 424 U.S. at 817). HBI argues that this fourth category applies in this matter.

 "The threshold requirement for a district court to even entertain abstention is a contemporaneous parallel judicial proceeding. For judicial proceedings to be parallel, there must be identities of parties, claims, and time." *Id.* at 306. "Parallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" *Yang v. Tsui*, 416 F.3d 199, 205 (3d Cir. 2005) (quoting

*Timoney v. Upper Merion Twp.*, 66 Fed. Appx. 403, 405 (3d Cir. 2003)). In other words, the "state and federal litigations [must be] 'truly duplicative.'" *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 890 (3d Cir. 1997) (quoting *Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217, 223 (3d Cir. 1994)). If two cases are not parallel, "the district court lacks the power to abstain." *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997).

■ In determining whether the cases here are parallel, the Court finds persuasive the decision of the Fourth Circuit Court of Appeals in *Gannett Co., Inc. v. Clark Constr. Group, Inc.*, 286 F.3d 737 (4th Cir. 2002). In that case, the court recognized that "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* at 742. The *Gannett* Court found that a federal contract action and a state lien action involved "different issues with different requisites of proof." *Id.* The court proceeded to explain that

> the State Lien Action requires the equity court to ascertain the validity and amount of the underlying debt, which involves demonstrating that a contract exists for the work performed. In this case, however, enforcement of the mechanic's lien is not dependent on questions of breach of contract, which will be resolved only through the separate breach of contract action, in that Clark and Gannett have not asserted their respective breach of contract claims in the State Lien Action.
>
> . . .
>
> Moreover, the actions seek different remedies. In the State Lien Action, Clark seeks a lien and foreclosure on the property, whereas in the Federal Contract Action, Gannett seeks compensatory damages for the alleged breach of contract. Because the issues and the sought-after relief in the Federal Contract Action and the State Lien Action are not substantially the same, the actions are not parallel proceedings.

*Id.* at 742-43. (internal citations omitted).

■ Here, as in *Gannett*, the Superior Court action and the matter before this Court are not parallel proceedings, as contemplated by *Colorado River*. In the Superior Court, HBI has sued the Association and Davies on various theories, including slander of property and breach of contract. In the matter before this Court, in contrast, Davies has sued HBI for debt and foreclosure. While the two cases might arise out of the same factual scenario, the theories of relief and elements of proof are entirely different.

*See, e.g., Al-Abood v. El-Shamari,* 217 F.3d 225, 232-33 (4th Cir. 2000) (holding that claims were not parallel for *Colorado River* purposes where they were based on common underlying facts but involved separate legal issues). The Court simply fails to see any overlapping issues that might arise in these two cases. *See, e.g., Univ. of Md. at Baltimore v. Peat Marwick Main & Co.,* 923 F.2d 265, 276 (3d Cir. 1991) ("While certain issues to be litigated in the . . . federal claim may be identical to issues that have or will be raised . . . in state court, the lack of identity of all issues necessarily precludes *Colorado River* abstention"); *see also Cerelli v. Cooper,* Civ. No. 03-3241, 2004 U.S. Dist. LEXIS 786, at *6 (E.D. Pa. Jan. 15, 2004) (declining to abstain where, *inter alia,* "the federal claims are based in part on allegations not contained in the state complaint"); *Kuhn v. Oehme Carrier Corp.,* 255 F. Supp. 2d 458, 464 (E.D. Pa. 2003) (finding that two cases were not parallel where "the legal issues involved are not identical" and where "the relief sought [in the federal case] is different from that sought in the state case").[3]

Since the Superior Court action and the above-captioned action are not parallel proceedings, "the threshold requirement of *Colorado River* abstention has not been met, and *Colorado River* abstention does not apply." *See, e.g., Bath Unlimited, Inc. v. Ginarte, O'Dwyer, Winograd & Laracuente,* Civ. No. 04-03919, 2005 U.S. Dist. LEXIS 22654, at *32-33 (D.N.J. Sept. 29, 2005) (italics added).[4]

## III. CONCLUSION

For the reasons given above, it is hereby

---

[3] Moreover, as the Third Circuit has noted, "[t]here is some question whether, in the absence of identical plaintiffs, two cases can be deemed parallel for *Colorado River* purposes." *Ryan v. Johnson,* 115 F.3d 193, 196 n.1 (3d Cir. 1997) (citing *Alliance of American Insurers v. Cuomo,* 854 F.2d 591, 603 (2d Cir. 1988)). While the Third Circuit has declined to express an opinion of this issue, this Court notes that the plaintiff in the above-captioned matter is obviously not identical to the plaintiff in the Superior Court action.

[4] Normally, if a Court determines that two cases are parallel, the district court must nevertheless consider several factors to determine whether the cases involve "exceptional circumstances" warranting abstention:

> (1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Spring City Corp. v. American Bldgs. Co.,* 193 F.3d 165, 171 (3d Cir. 1999).

**ORDERED** that the motion is **DENIED**.